# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0123** (Jefferson County 94-F-49)

**Ricky L. Penwell,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Ricky L. Penwell, *pro se*, appeals the circuit court's order, entered January 10, 2012, denying his motion for reconsideration and his supplemental motion for reconsideration pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. The State, by Laura Young, its attorney, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1995, in Felony No. 94-F-49, a jury convicted petitioner of aggravated robbery and assault during the commission of a felony, along with two misdemeanors. Petitioner was sentenced to life for recidivism pursuant to West Virginia Code § 61-11-18. Petitioner's prior felonies were grand larceny (No. 85-F-84), malicious assault and unlawful assault (No. 87-F-25), and failure to appear (No. 89-F-1).

This Court affirmed petitioner's convictions in the instant case, in *State v. Penwell*, 199 W.Va. 111, 483 S.E.2d 240 (1996). Petitioner subsequently had habeas corpus proceedings which included two hearings. The circuit court denied habeas relief by an order entered May 29, 2001. This Court refused petitioner's appeal from the denial of relief.

In July 2005, petitioner filed a second petition for a writ of habeas corpus based upon allegations of ineffective assistance of counsel in his first such proceeding. Counsel was appointed, and a hearing was conducted on January 19, 2006, where the circuit court heard the parties' arguments. The circuit court determined that an evidentiary hearing was not necessary and

1

issued a final order granting the respondent warden's motion to dismiss. On September 6, 2006, this Court refused petitioner's appeal of the denial of his second petition.

In November 2009, petitioner filed a Rule 35(a) motion for reconsideration. On August 20, 2011, petitioner filed a supplemental motion for reconsideration in which he argued that the 1994 amendment to West Virginia Code § 61-11-18 was retroactively applied to him, which was an unconstitutional application of the recidivist statute. The circuit court denied petitioner's motions in an order entered January 10, 2012. As related to petitioner's supplemental motion, the circuit court determined that "[petitioner]'s arguments, that his sentence is illegal, have no merit."[1]

In Syllabus Point One of *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996), this Court set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

On appeal, petitioner argues his life recidivist sentence is illegal because his three prior felony convictions were obtained prior to the effective date of the 1994 amendment to West Virginia Code § 61-11-18. The State argues that the effect of the 1994 amendment was to prohibit individuals who were convicted of first degree murder, second degree murder, and first degree sexual assault from being eligible for parole if again convicted of one of those offenses. Petitioner never committed any of those offenses. The State argues that the language of § 61-11-18 that applies to petitioner was unchanged by the 1994 amendment. The language is: "[w]hen it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life." W.Va. Code § 61-11-18(c).[2] After careful consideration, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's supplemental motion for reconsideration.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Jefferson County and affirm its January 10, 2012 order denying petitioner's motions for reconsideration.

---

[1] Petitioner states in his brief that it is the only claim he is pursuing on appeal.

[2] The 1994 amendment did designate the language as subsection (c), whereas it previously had no designation, and made certain minor grammatical changes. The changes did not alter the legal effect.

Affirmed.

**ISSUED:**   April 5, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II