# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1619** (Nicholas County 09-F-83)

**Etta Marie Webster,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Etta Marie Webster, by counsel Samuel R. White, appeals the Circuit Court of Nicholas County's "Order Denying Motion For Correction of Sentence" entered on October 25, 2011. Petitioner pled guilty to one count of delivering a Schedule II controlled narcotic substance within one thousand feet of a school and was sentenced to not less than one nor more than fifteen years in prison with parole eligibility after three years. The State, by counsel Laura Young, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

There are four criminal penalty statutes at issue in this appeal. The first two statutes relate to the penalties for delivering a Schedule II controlled narcotic substance within a thousand feet of a school. West Virginia Code § 60A-4-401(a)(i) provides that, upon conviction of that crime, a defendant may be imprisoned for not less than one nor more than fifteen years. West Virginia Code § 60A-4-406(a)(2) provides for parole eligibility after three years. The second two statutes relate to the penalties for delivering a Schedule II controlled *non*-narcotic substance within a thousand feet of a school: West Virginia Code § 60A-4-401(a)(ii) provides that, upon conviction, a defendant may be imprisoned for not less than one nor more than five years. West Virginia Code § 60A-4-406(b)(2) provides for parole eligibility after two years.

On April 1, 2009, four criminal complaints were filed against petitioner alleging that in April of 2008 she had delivered a Schedule II controlled narcotic substance, Oxycodone, to a confidential informant within a thousand feet of a school. Each complaint referenced West Virginia Code § 60A-4-401, without noting a subsection, and incorrectly referenced West Virginia Code § 60A-4-406(b)(2)(which is the penalty statute for the delivery of a Schedule II controlled *non*-narcotic substance). Petitioner's criminal complaints should have referenced West Virginia Code § 60A-4-401(a)(i) and § 60A-4-406(a)(2), which, as noted above, are the penalty statutes for the delivery of a Schedule II controlled narcotic substance such as Oxycodone.

1

Petitioner's "Initial Appearance: Rights Statements" correctly stated the penalty for each count of delivering a narcotic within 1000 feet of a school as "1 to 15 years and/or fine up to $25,000 per count." However, the "Initial Appearance: Rights Statements" incorrectly stated that the "[d]efendant is ineligible for parole for a period of 2 years."

On September 30, 2009, petitioner was charged by an Information with one count of delivering a Schedule II controlled narcotic substance within one thousand feet of a school. Petitioner pled guilty to the charge that day. The Information incorrectly cited to West Virginia Code § 60A-4-406(b)(2). *However, during petitioner's plea hearing, petitioner stipulated to knowing that she could be sentenced to one to fifteen years in prison with parole eligibility after three years.*

The State prepared a plea order that referenced the incorrect statutes, but correctly stated that petitioner was subject to a period of incarceration of not less than one nor more than fifteen years in prison with parole eligibility after three years.

Petitioner's initial sentencing order, entered November 30, 2009, sentenced petitioner to not less than one nor more than fifteen years in prison. No reference was made to petitioner's parole eligibility and no specific section of the West Virginia Code was referenced. Thereafter, on August 27, 2010, the circuit court entered an amended plea order that again sentenced petitioner to not less than one nor more than fifteen years in prison, but added that petitioner would not be eligible for parole for three years. The amended plea order also correctly stated that petitioner had been sentenced pursuant to West Virginia Code § 60A-4-401(a)(i) and § 60A-4-406(a)(2).

On May 9, 2011, petitioner filed a "Motion for Correction of Sentence" pursuant to Rule 35(a) of the Rules of Criminal Procedure. Petitioner argued that she had pled guilty to violating the statutes relating to the delivery of <u>non</u>-narcotics, West Virginia Code § 60A-4-401(a)(ii) and § 60A-4-406(b)(2), and therefore, the sentence imposed by the circuit court pursuant to statutes relating to the delivery of <u>narcotics</u>, West Virginia Code § 60A-4-401(a)(i) and § 60A-4-406(a)(2), was illegally excessive. The circuit court heard oral arguments on petitioner's motion and on October 25, 2011, entered its "Order Denying Motion For Correction of Sentence."

On appeal, petitioner first argues that the circuit court erred in denying her motion for a sentence correction because the maximum sentence the circuit court could impose was not less than one nor more than five years in prison with parole eligibility after two years pursuant to West Virginia Code § 60A-4-401(a)(ii) and § 60A-4-406(b)(2) given that those were the statutes cited in petitioner's criminal complaints, "Initial Appearance: Rights Statements," Information, and plea agreement. Petitioner claims that her sentence of one to fifteen years in prison with parole eligibility in three years is an illegal sentence because it is greater than allowed by West Virginia Code § 60A-4-401(a)(ii) and § 60A-4-406(b)(2).

In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we held that

> [i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules

2

of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

In the instant appeal, West Virginia Code § 60A-4-401(a)(ii) and § 60A-4-406(b)(2) simply do not apply to petitioner's case because petitioner pled guilty to delivering a controlled narcotic substance. Moreover, pursuant to Rule 35(a), the circuit court corrected the earlier clerical errors by referencing West Virginia Code § 60A-4-401(a)(i) and § 60A-4-406(a)(2) in petitioner's amended plea order. Therefore, we are in accord with the circuit court's conclusions that

> [t]he clerical errors contained in the Information and Plea Orders do not justify correction or modification of defendant's sentence. The Defendant did deliver Oxycodone, a narcotic controlled substance, within One Thousand feet of a school. The penalty for [that crime] is incarceration for a period of not less than one nor more than fifteen years (W.Va. Code § 60A-4-401(a)(i)) with a minimum three years prior to being eligible for parole (W.Va. Code § 60A-4-406(a)(2))…The Amended Plea Order correctly states this penalty, and the defendant was properly sentenced on November 30, 2009.

Petitioner next argues that the circuit court erred in determining that the erroneous West Virginia Code citations contained throughout her court documents were merely harmless "clerical errors." Petitioner argues that the incorrect citations misled her to her prejudice because, in accordance with them, she believed that she would be eligible for probation in two years, and not in three years as ordered by the circuit court in its amended plea agreement.

We find petitioner's argument to be legally and factually in error. As the circuit court noted, "[p]rior to entering her plea, [petitioner] acknowledged that she understood that [one to fifteen years in prison with no eligibility for parole for three years] was the penalty for the felony offense to which she pled." Because petitioner understood the penalty for the offense to which she pled, she was not misled to her prejudice by the clerical errors contained in her various court documents. Therefore, the circuit court did not abuse its discretion in sentencing petitioner to one to fifteen years in prison with parole eligibility after three years.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4