## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0454** (Monongalia County 05-F-69)

**James L. Brooks III,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's pro se appeal arises from the Circuit Court of Monongalia County, wherein the circuit court denied petitioner's motion for reconsideration of sentence by order entered on March 15, 2012. The State, by counsel Marland L. Turner, has filed its response and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2005, a Monongalia County Grand Jury returned a four count indictment against petitioner charging him with one count of first degree robbery, one count of conspiracy to commit robbery, one count of malicious assault, and one count of conspiracy to commit malicious assault. Following a jury trial, petitioner was convicted of all counts and was sentenced as follows: a term of incarceration of two to ten years for malicious assault and a concurrent term of incarceration of one to five years for conspiracy to commit malicious assault; and a term of incarceration of forty-five years for first degree robbery and a concurrent term of one to five years for conspiracy to commit first degree robbery, said sentences to be served consecutively to the malicious assault sentences. After filing two prior unsuccessful motions for reconsideration of sentence, petitioner filed a third motion in 2012 which petitioner refers to as "Consolidated Motions to Correct Sentence and Motion for Reconsideration." On March 15, 2012, the circuit court denied the motion because it found the same untimely under Rule 35(b) of the West Virginia Rules of Criminal Procedure.

On appeal, petitioner alleges that the circuit court erred in dismissing his motion as untimely because it was actually a consolidated motion for correction of sentence and reconsideration of sentence, and was filed, in part, pursuant to Rule 35(a). According to petitioner, his incarceration for two convictions of conspiracy arising out of a single act constitutes an illegal sentence because his protection against double jeopardy has been violated.

1

Petitioner also alleges that his motion to reconsider his sentence in light of his co-defendant's more lenient sentence under Rule 35(b) be considered as timely. According to petitioner, Article III, Section 5 of the West Virginia Constitution prohibits disparate treatment between co-defendants and sentences disproportionate to the gravity and circumstances of the defendant's actual participation in the crime.

"'We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.' Syl. Pt. 1, in part, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996)." Syl. Pt. 1, *State v. McClain*, 211 W.Va. 61, 561 S.E.2d 783 (2002).

To begin, the Court finds that it was error to deny the portion of petitioner's motion seeking correction of an illegal sentence as untimely because Rule 35(a) of the West Virginia Rules of Criminal Procedure states that an illegal sentence may be corrected "at any time . . . ." However, despite this error, the Court finds that petitioner is entitled to no relief in regard to his allegation that his sentence is illegal because he was convicted of two counts of conspiracy arising from a single criminal act. Petitioner was convicted of both conspiracy to commit robbery and conspiracy to commit malicious assault, two separate crimes which, by definition, could not have arisen out of the same act. We have previously held that "[i]n order for the State to prove a conspiracy under W.Va.Code, 61-10-31(1), it must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." Syl. Pt. 4, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981). Based upon this holding, it is clear that petitioner's convictions for the two counts of conspiracy arose out of two different acts; namely, agreeing to commit malicious assault and agreeing to commit first degree robbery. For these reasons, petitioner's sentence is legal and he is entitled to no relief under Rule 35(a).

As to petitioner's remaining argument that the circuit court should have analyzed his sentence in comparison to that of his co-defendant, the Court finds no error in the circuit court denying the motion as untimely. Rule 35(b) of the West Virginia Rules of Criminal Procedure clearly states that a motion for reduction of sentence must be made within 120 days after sentence is imposed. It is undisputed that petitioner failed to meet this deadline, and the circuit court was correct to deny the motion as untimely, to the extent petitioner sought a reduction of sentence.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II