480 S.E.2d 507

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Michael HEAD, Defendant Below, Appellant.**

No. 23404.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 1996.

Decided Nov. 14, 1996.

William C. Forbes, Prosecuting Attorney for Kanawha County, Mary Beth Kershner, Assistant Prosecuting Attorney, Charleston, for appellee.

John H. Boothroyd, Assistant Public Defender, Charleston, for appellant.

RECHT, Justice: [1]

Michael Head (appellant) appeals the denial of his motion for a reduction of sentence by the Circuit Court of Kanawha County. Although the appellant timely filed a motion for a reduction of his 60–year sentence for aggravated robbery under Rule 35(b) of the West Virginia Rules of Criminal Procedure, the circuit court failed to rule on the appellant's motion for over four years. Finally, prompted by the appellant's filing of an amended motion, the circuit court held a hearing but denied the motion, reasoning that the inordinate delay had resulted in a loss of jurisdiction by the circuit court. On appeal, the appellant argues that the circuit court has jurisdiction because the delay, although lengthy, does not, in this case, affect the policy reasons underlying the time limits of Rule 35(b). Because the jurisdiction conferred on the circuit court by the appellant's timely filed motion cannot be lost by the mere passage of time, we reverse the circuit court and remand this case for consideration of the motion on its merits.

## I.

## FACTS AND BACKGROUND

Michael Head was convicted of aggravated robbery on September 21, 1990 and sentenced to sixty (60) years in the West Virginia Penitentiary. The following factors were considered by the circuit court in sentencing the appellant: (1) The robbery victim was a retired sixty-six year old, injured World War II veteran; (2) The appellant had testified to a "ridiculous alibi;" (3) The appellant had a prior conviction for breaking and entering in 1983; (4) The appellant was twenty-nine years old; and (5) No firearm was used in committing the crime.[2] After this Court on July 2, 1991 refused the appellant's direct appeal, the appellant filed a motion on August 30, 1991 in circuit court under Rule 35(b) of the West Virginia Rules of Criminal Procedure for a reduction of his sentence.[3] It is undisputed that the appellant's August 30, 1991 motion was filed timely.[4] No hearing was held on the motion.

On June 16, 1994, the appellant, acting *pro se*, filed another motion for a reduction in his sentence. On August 2, 1995, the appellant amended his August 30, 1991 motion and on October 26, 1995, a hearing was held before Judge Ranson, who had been assigned the

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

2. Although Judge Ranson's denial of the appellant's motion for reduction of sentence is the subject of this appeal, John Hey, a former circuit court judge in Kanawha County, presided at trial and sentenced the appellant.

3. Although Rule 35(b) of the West Virginia Rules of Criminal Procedure was amended, effective September 1, 1996, to clarify when an action by

this Court commences the running of the 120–day period for filing a motion for sentence reduction, that amendment does not impact this case and therefore, we will cite to the new rule. *See State v. Thornton*, 197 W.Va. 726, 478 S.E.2d 576 (1996). Under Rule 35(b)(1996) of the West Virginia Rules of Criminal Procedure, "[a] motion to reduce a sentence may be made ... within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation." *See infra* p. 6 for the complete text of Rule 35(b)(1996).

4. The critical factor underlying our decision in this case is that the appellant's August 30, 1991 motion for sentence reduction was timely filed.

case in 1994.[5] At the hearing, the appellant again noted the extraordinary length of his sentence and argued that because of that length, the parole board had not had the opportunity to consider his significant efforts at rehabilitation. By order entered on November 2, 1995, Judge Ranson denied the motion on the grounds that the appellant had abandoned his motion by failing to request action on his original timely filed Rule 35(b) motion, and that because of the passage of time "has become too great and unreasonable," the circuit court lost jurisdiction to hear the matter.

This appeal followed asserting: first, that once a defendant files timely a Rule 35(b) motion, his subsequent inaction does not constitute an abandonment of his motion; and second, because the delay in this case does not usurp the parole board's role, the mere passage of time does not result in a loss of jurisdiction in the circuit court. The appellant argues that delay, caused by administrative error, should not be considered "unreasonable" for the purposes of Rule 35(b).

## II.

## DISCUSSION

### A. *Standard of Review*

■ In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review. *See* Syl. pt. 1, *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995)(applying a similar three-pronged standard of review to findings made by a family law master that are adopted by a circuit court); Syl. pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469

S.E.2d 114 (1996) (applying a similar three-pronged standard of review in a civil action); Syl. pt. 1, *Carter v. Carter,* 196 W.Va. 239, 470 S.E.2d 193 (1996)(applying a similar three-pronged standard of review to a civil contempt order).

■ A motion made under Rule 35 (1996) of the West Virginia Rules of Criminal Procedure is directed to the sound discretion of the circuit court and, generally, is not reviewable absent an abuse of discretion. Our general standard of review of a Rule 35(b) motion is the same as that applied by the Fourth Circuit in *U.S. v. Stumpf,* 476 F.2d 945, 946 (4th Cir.1973), which held that a motion for reduction of sentence is addressed to the sound discretion of the district court and is not reviewable on appeal except for an abuse of discretion. *See U.S. v. Lee,* 648 F.2d 667, 668 n. 1 (9th Cir.1981); *U.S. v. Niemiec,* 689 F.2d 688, 692 (7th Cir.1982).

The abuse of discretion standard on Rule 35 motions continues the deference we have traditionally accorded trial courts in matters of sentencing. *See* Syl. pt. 12, *State v. Broughton,* 196 W.Va. 281, 470 S.E.2d 413 (1996) ("[s]entences imposed by the trial court, if within statutory limits and if not based on some ([im]permissible factor, are not subject to appellate review"); Syl. pt. 9 *State v. Hays,* 185 W.Va. 664, 408 S.E.2d 614 (1991); Syl. pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).

■ However, in this case, the circuit court did not address the merits of the appellant's Rule 35 motion, but rather found as a matter of law that he had abandoned his motion by failing "to request or obtain an expeditious ruling" and that the passage of time resulted in a loss of jurisdiction. Because the circuit court's ruling involves an interpretation as to whether Rule 35(b) imposes a continuing duty upon a defendant to request a hearing, we review that decision *de novo.* We also review *de novo* the circuit court's determination that its own failure to rule within a reasonable time resulted in a

5. The grounds for relief asserted in all three documents (the two motions and the amended motion), were essentially the same with the appellant urging that his character was such that a reduction was warranted and that a 60–year sentence was excessive. The only real difference among the documents was the claim of an additional record of good behavior, represented by the passage of time.

loss of jurisdiction, thereby precluding the court from considering a defendant's timely filed motion to reduce his sentence.

### B. *Rule 35(b), West Virginia Rules of Criminal Procedure*

#### 1. Abandonment

Our discussion of both aspects of the circuit court's holding is based in Rule 35(b) (1996) of the West Virginia Rules of Criminal Procedure, which states:

> *Reduction of Sentence*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.[6]

■ Rule 35(b) of the West Virginia Rules of Criminal Procedure consists of three parts: the first part sets forth a time limitation (120 days) and the events that commence the running of the time limitation; the second part requires the court to rule on the motion "within a reasonable time;" and the third part permits the grant of probation as a reduction of sentence. The first part, contained in the first sentence of the rule, limits the time to 120 days for either filing of a motion for sentence reduction or action by a court, without a motion, to reduce a sentence. The 120–day period is triggered by any of the following events: (1) imposition of the sentence; (2) revocation of probation; (3) this Court's affirmance of a judgment of a conviction or probation revocation; or (4) this Court's dismissal or rejection of a petition for appeal of a conviction or probation.[7] The second part, contained in the second sentence of the rule, requires the determination of a motion by the court "within a reasonable time." Finally, the third part, contained in the last sentence of the rule, permits a change of a sentence of imprisonment to a grant of probation.

■ Under the clear language of the rule, within 120 days of one of the measuring events, a defendant who wishes to insure consideration of his request must file a motion for reduction of his sentence.[8] Rule 35(b), by its express terms, does not require any other action by a defendant for consideration of a motion for sentence reduction; rather, once a motion is filed, Rule 35(b) shifts the burden to the court for a determination of "the motion within a reasonable time."

■ In this case, the appellant filed his motion on August 30, 1991, which was within 120 days of this Court's rejection of his petition for appeal on July 2, 1991. No other action by the appellant was required. The appellant was not required by Rule 35(b) to seek an expedited hearing or to otherwise remind the circuit court of his motion. Although the circuit court's order speculates that such tactics would have resulted in a

---

**6.** Before the 1996 amendment, Rule 35(b) of the West Virginia Rules of Criminal Procedure read: Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of Appeals denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

**7.** *See State v. Thornton, supra* (discussing the events which commenced the 120-day period under Rule 35(b)(1985); *State ex rel. Massey v. Hun*, 197 W.Va. 729, 201, 478 S.E.2d 579, 583 (1996)(per curiam)(applying the 1985 Rule 35(b) *sui generis*).

**8.** We note that Rule 35(b) also permits a court to act *sua sponte* within the 120–day period.

more timely consideration of the appellant's motion, that speculation is not supported by the record. Indeed, the appellant's second motion for a sentence reduction, filed on June 16, 1994, also languished.[9] The record contains no response to the three letters sent in 1994 by the appellant to several judges of the Kanawha County Circuit Court, none of whom had been assigned to the appellant's case.[10] The record indicates that the appellant's motion remained undecided for over four years because of an administrative error. Because the appellant timely filed his motion, thereby fulfilling his duty under Rule 35, he was not required to remind the court of his motion. The appellant's failure to remind the trial court of his motion cannot be considered to be an abandonment of his motion. Once a motion made under Rule 35(b) of the West Virginia Rules of Criminal Procedure is timely filed, the failure of a defendant to remind the trial court that the motion is pending does not constitute an abandonment of that motion. Based on the plain language of Rule 35(b) and the timely filing of the motion for sentence reduction, we find that the circuit court erred in finding that the appellant had abandoned his motion by failing to make "any reasonable effort ... to request or obtain an expeditious ruling."

### 2. Jurisdiction

The circuit court also ruled that it lacked jurisdiction to consider the matter because the passage of time was unreasonable. The jurisdiction question was the critical issue in the circuit court's refusal to consider the appellant's motion on its merits. Rule 35(b) requires that the court "determine the motion within a reasonable time." The "reasonable time" limitation of Rule 35(b) has generally been recognized as a policy decision preventing a trial court's reconsideration of a sentencing decision so as to inter-

fere with or supersede the function of the parole board. The Fourth Circuit in *U.S. v. Stollings,* 516 F.2d 1287, 1289 (4th Cir.1975), allowed a district court a reasonable time after the 120–day period to decide a motion for sentence reduction. In *Stollings,* the motion was filed on 119th day and was not decided until a few days later, and the Fourth Circuit, based on the purposes underlying the rule, found that the district court retained jurisdiction for a limited period and stated:

> The time limitation appears to have as its dual purpose the protection of the district court from continuing and successive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board.

516 F.2d at 1289. *See* Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* II–435–36 (2d ed.1993)(the policy behind Rule 35 is (1) to protect the court from repetitious motions and (2) to protect "against usurpations by the sentencing court of function properly performed by the board of parole").

However, many courts have not looked to the purposes of the time limitation imposed by Rule 35(b), but simply have looked to the amount of delay to determine whether a "reasonable" time had passed. *See U.S. v. Idone,* 38 F.3d 693 (3rd Cir.1994)(twenty-five months considered unreasonable); *Diggs v. U.S.,* 740 F.2d 239 (3rd Cir.1984)(two and a half years considered unreasonable); *U.S. v. Taylor,* 768 F.2d 114 (6th Cir.1985)(eighteen months considered unreasonable); *U.S. v. Kajevic,* 711 F.2d 767 (7th Cir.1983), *cert. denied,* 464 U.S. 1047, 104 S.Ct. 721, 79 L.Ed.2d 182 (1984)(questioning any delay beyond the 120–day limitation).[11]

9. The appellant's June 16, 1994 motion was not timely filed and consideration of that motion is barred by Rule 35(b). However, his August 2, 1995 motion was an amendment to and related back to his timely filed August 30, 1991 motion. Consideration of the appellant's amended motion is not barred by the 120–day limitation of Rule 35(b).

10. We note that Judge Ranson was not assigned to this case until August 19, 1994, and none of the appellant's letters was sent to her. *See supra* note 2, noting case assignment.

11. The current Rule 35 of the Federal Rules of Criminal Procedure differs substantially from our Rule 35. A pre–1985 version of federal Rule 35 authorized "district courts to reduce a sentence within 120 days after it is imposed or after it has

■ We note that the pre–1985 federal Rule 35 spoke in terms of having the sentencing court take action within the 120–day period. In 1985, a provision similar to the second sentence of our Rule 35(b) was added allowing the court to "determine the motion within a reasonable time." Because a strict application of the pre–1985 federal Rule 35 would have resulted in "manifest unfairness" (*Diggs v. U.S.*, 740 F.2d at 245), the federal courts implied a "reasonable period" after the 120–day period to allow the sentencing court to consider the motion. Because of the limited period specified in the pre–1985 federal Rule 35(b), federal courts have narrowly interpreted what constitutes a "reasonable period." However, at least one court has questioned this narrow interpretation when the excessive delay is caused by administrative error. In *U.S. v. Hernandez*, 975 F.2d 706, 709 n. 5 (10th Cir.1992), the Tenth Circuit Court said:

> We are reluctant to conclude that a district court by inaction on a timely filed motion can deprive itself of jurisdiction. Because of our conclusion that the district court properly denied Rule 35(b) relief we do not here rule on the timeliness question, although we note that the district court explained the delay resulted from the motion having been "mislaid or put aside or lost."

Given the history of federal Rule 35(b), we find the federal interpretations of their former Rule 35(b) have limited persuasive value in determining a "reasonable period" under our Rule 35(b). We, similar to *U.S. v. Hernandez*, are reluctant to allow error by a sentencing court to deprive a defendant of a consideration of the merits of his motion for sentence reduction. Rather, under our Rule 35(b), the determination of what is a "reasonable period" for a court to rule on a sentence reduction motion should be based on the facts of each case. This case-by-case approach is consistent with the language of the rule.

■ In this case, the delay was caused by an administrative error of the circuit court. The appellant's Rule 35(b) motion was timely filed, but no action was taken on his motion for over four years. For the purposes of Rule 35(b), a defendant should not be penalized by a court's failure to act. A delay caused solely by a court's administrative error should not constitute unreasonable delay for the purposes of Rule 35(b). "Were it otherwise, the defendant would be twice penalized: once because the court failed to act· on his motion for ... [almost four] years; and once again because the court's own inaction bars Rule 35 relief." *Diggs*, 740 F.2d at 250 (Gibbon, J., dissenting). In order to avoid penalizing a defendant, we find that when a trial court fails to act on a defendant's timely filed Rule 35(b) motion by reason of an administrative error, any resultant delay cannot, as a matter of law, be an unreasonable delay barring Rule 35(b) relief. Because the delay in this case was caused by administrative error, the circuit court erred in finding that it lacked jurisdiction to consider the appellant's timely filed Rule 35(b) motion, and we remand the appellant's motion for further consideration.

■ On remand, because of the extraordinary delay in this case, which was not caused by the appellant, the circuit court should not limit its consideration to the now stale facts and events of 1991. In this case, the policy concerns underlying Rule 35(b) are not violated by a broader inquiry because the appellant, serving his sixty-year term, has not yet come before the parole board for its evaluation. The circuit court need not worry that considering facts and events which occurred during the delay will interfere with any activity of the parole board because the parole board has not acted. When considering Rule 35(b) motions, circuit courts generally should consider only those events that occur within the 120–day filing period; however, as long as the circuit court does not

been affirmed on appeal. The time period is jurisdictional and may not be extended." *U.S. v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805, 814 (1979). However, several courts including the 4th Cir. in *Stollings, supra*, found the sentencing court has limited authority to reduce a sentence beyond the 120-

day period where the rule 35(b) motion was timely filed. *See U.S. v. Janiec*, 505 F.2d 983, 984–85 n. 3 (3rd Cir.1974), *cert. denied*, 420 U.S. 948, 95 S.Ct. 1332, 43 L.Ed.2d 427 (1975). In 1985, federal Rule 35(b) was amended to specify that the district court "shall determine the motion within a reasonable time."

usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice. *See U.S. v. Taylor*, 768 F.2d 114, 118 n. 4 (6th Cir.1985) ("district judge is not required to close his eyes to developments favorable to the movant's request"); *U.S. v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981), *quoting, U.S. v. Ellenbogen*, 390 F.2d 537, 543 (2nd Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968)(district court can "reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim").

For the above stated reasons, we reverse the decision of the Circuit Court of Kanawha County and remand this case for proceedings consistent with this opinion.

Reversed and remanded.

CLECKLEY, Justice, concurring:

I note only one significant area of difference from the majority's otherwise admirable explication of this elusive subject.

The majority states that "[a] motion made under Rule 35(b) of the West Virginia Rules of Criminal Procedure is directed to the sound discretion of the circuit court and, generally, is not reviewable absent an abuse of discretion.... The abuse of discretion standard on Rule 35 motions continues the deference we have traditionally accorded trial courts in matters of sentencing." The majority concedes that our appellate review under Rule 35(b) is circumscribed. Although the majority suggests that the standard of review is an abuse of discretion, which was characterized by us recently as less than appellant friendly, by adopting this standard without elaboration it has another effect which is not salutary. For we cannot lose sight that the abuse of discretion standard has many faces and, in our application of the

standard, it can range anywhere from careful scrutiny to almost no scrutiny. I concur to emphasize that in the context of Rule 35(b) it should be the latter. Let me explain.

At the time a Rule 35(b) motion is filed, a final sentence order has been entered. Independently of Rule 35(b), the sentencing order itself is subject to appellate review, both as to its constitutionality and its compliance with the West Virginia Rules of Criminal Procedure and the applicable statutory provisions. But, we also describe the standard of review used to review the final sentencing order as an abuse of discretion. It creates a paradox to foist another "abuse of discretion" standard on a circuit court whose response may very well be "the sentence I impose during trial was appropriate." *See, United States v. DeCologero*, 821 F.2d 39, 41 (1st Cir.1987) (holding that the function of the pre-guidelines Rule 35(b) of the federal rules was merely "to allow the district court to decide if, on further reflection, the sentence seems unduly harsh"); accord, *United States v. Smith*, 650 F.2d 206, 208 (9th Cir.1981).[1] In my judgment, there are many perfectly legitimate reasons for summary rejection of a Rule 35(b) motion, despite the presentation of an otherwise persuasive or sympathetic case by a defendant. This is particularly so where the grounds asserted in such a motion do not implicate an illegally imposed sentence or one that is tainted with an unlawfully corrupt motive. In principle, it cannot be reasonably expected that a trial court must exercise the same type of constrained discretion on a Rule 35(b) motion that it applied at the sentencing phase of trial.[2] To require this of our circuit courts is unreasonable, and would only lead to further docket congestion because of the time and resources that would necessarily have to be devoted to entertaining a motion for reduction of sentence in the same light and with the same panoply of rights associated with a sentencing hearing

---

**1.** Prior to 1987, Rule 35(b) of the Federal Rules of Criminal Procedure was identical to our current Rule 35(b). The change in the federal provision was done to reflect the adoption of the Federal Sentencing Guidelines.

**2.** Even at the trial phase the trial court has great discretion. Because credibility and demeanor play a crucial role in determining whether a

person is genuinely contrite, and because the sentencing judge has the unique opportunity of observing the defendant and evaluating his or her desirability for leniency in a live context, all rulings and findings of the trial court are entitled to great respect and should not be disturbed unless it is without foundation.

proper. A Rule 35(b) hearing is not, nor was it ever intended to be, a sentencing hearing. As one court appropriately and succinctly put it, Rule 35(b) was "not meant to guarantee the defendant an instant replay of the sentencing process." *DeCologero*, 821 F.2d at 41. Thus, I believe that the only way a circuit court can abuse his discretion on a Rule 35(b) motion is to commit a legal error, *see State ex rel. Hoover v. Berger*, —— W.Va. ——, 483 S.E.2d 12 (1996) ("a circuit court by definition abuses its discretion when it makes an error of law"), or that its ruling was marred by a fundamental defect which inherently results in a miscarriage of justice.[3] No other claim of abuse of discretion should be reviewable under Rule 35(b). As a matter of policy, it is undesirable to suggest that we will give any further review to a complaining defendant, and this Court should call upon its legal wisdom to forthrightly and unequivocally say so. For in the final analysis, a Rule 35(b) motion is essentially a plea for leniency from a presumptively valid conviction. *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981). It is not our role to undermine the valid exercise of constrained discretionary authority by circuit courts, when they have imposed sentences that fall that fall legitimately within the four corners of our federal and state constitutions, applicable statutory provisions and our criminal procedure rules. Circuit court judges have a right to believe that so long as they have not violated a law or acted in a nefariously discriminatory way in imposing sentences, this Court will not sift through the nooks and crannies of their decisions determined on finding that which is not there. In being true to the judicial limitations of our constitutional role, we must let "[t]he matter of commutation or melioration . . . be addressed to the chief executive," *Colvin v. Commonwealth*, 247 Ky. 480, 57 S.W.2d 487, 489 (1933), and allow "[t]he length of the prison sentence [to] rest[ ] in the sound discretion of the trial court unless partiality, prejudice, oppression, or corrupt motive is shown."

*State v. Johnson*, 159 S.C. 165, 156 S.E. 353, 354 (1930). If we unconditionally micro-review the latter, we will be unceremoniously putting on the garb of the former.

The tenor of my comments here are consistent with the manner in which federal appellate courts understood the degree of deference that was to be accorded federal district court rulings on motions to reduce sentences, prior to the adoption of the Federal Sentencing Guidelines and the alteration of Rule 35(b) under the federal rules. In *United States v. Lewis*, 743 F.2d 1127, 1129 (5th Cir.1984), it was said that a district court's ruling under Rule 35(b) would be reversed " 'only for illegality or *gross* abuse of discretion.' " Quoting, *United States v. Rollerson*, 491 F.2d 1209, 1213 (5th Cir.1974) (emphasis added). *See, United States v. Stump*, 914 F.2d 170, 172 (9th Cir.1990) (gross abuse of discretion standard); *United States v. Distasio*, 820 F.2d 20, 24 (1st Cir.1987) (gross abuse of discretion standard). In an unpublished opinion, the court in *United States v. Rosch*, 70 F.3d 1275, 1995 WL 695973 (7th Cir.1995) held that: "The court has almost unlimited discretion under Rule 35(b) to reduce a sentence, and its ruling will not be disturbed except for *clear* abuse of discretion." (Citations omitted) (emphasis added). This is the nature of the deference we must accord circuit courts on the issue of a reduction in sentence.

The present case is an excellent example of what type abuse of discretion claim we should review. I agree with the majority's opinion that the error committed in this instance is one of law, and it squarely falls within the purview of our appellate authority to correct. It is fundamental law that a "court by definition abuses its discretion when it makes an error of law." *Koon*, —— U.S. at ——, 116 S.Ct. at 2047 (citation omitted). However, we should not let this case send a signal that this Court will readily

---

**3.** Indeed, in *Koon v. United States*, —— U.S. ——, ——, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996), for sentencing under the Guidelines the United States Supreme Court abolished "de novo" review and established a "unitary abuse of discretion standard." As the Fourth Circuit stat-

ed in *United States v. Hairston*, 96 F.3d 102, 106–107 (4th Cir.1996), "[t]his review for abuse of discretion, however, includes a legal analysis . . . '[a] court by definition abuses its discretion when it makes an error of law,' our overall review is thus for abuse of discretion." (Citation omitted).

scrutinize all reduction in sentence rulings with the microscope used herein. The glasses worn by the Court in this case are to be reserved for clear legal error or gross abuse of discretion. Cases that do not come within the purview of the latter categories should be greeted hostilely by this Court with blindfolds.