# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-0116** (Cabell County 10-F-141)

**Nathan Todd Barnett,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nathan Todd Barnett, pro se, appeals the Circuit Court of Cabell County's "Order Denying Motion for Correction of Sentence" entered on January 13, 2012, denying him credit for time served while on home incarceration.[1] The State of West Virginia, by counsel Laura Young, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of second degree murder and sentenced to confinement for thirty-six years with credit for time served in jail. On October 6, 2008, petitioner appealed his conviction to this Court. On July 13, 2010, this Court reversed petitioner's conviction and remanded it to circuit court for a new trial. As a condition of his bond, petitioner was placed on home incarceration pending his re-trial. Petitioner entered a Kennedy plea to one count of voluntary manslaughter in violation of West Virginia Code § 61-2-4 and given credit for all time actually served while incarcerated in any Regional Jail or Division of Corrections Facility. Petitioner was sentenced to confinement for fifteen years, with credit for time served in jail but not for time served on home incarceration. Petitioner then moved for a correction of sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure.

This Court reviews appeals of circuit court orders made under Rule 35 of the West Virginia Rules of Criminal Procedure under the following standard:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review

---

[1] Consistent with this Court's recent opinion in *Elder v. Scolapia*, --- S.E.2d ---, 2013 WL 656833 (W.Va.), we use the proper terminology – home incarceration – in lieu of home confinement.

the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner argues the trial court abused its discretion when it failed to give him credit for time spent while on home incarceration in violation of West Virginia Code § 62-11B-11(b). Petitioner argues denying him credit for time spent on home incarceration is disparate treatment, as his co-defendants received credit. He also argues he was denied due process of law, and that he was retaliated against for exercising his right to access the courts of this State. The State argues that time spent on home incarceration when it is a condition of bail does not count as credit to any sentence that may be imposed in the future.

This Court has held:

When a person who has been arrested, but not yet convicted of a crime, is admitted to pre-trial bail with the condition that he be restricted to home [incarceration] pursuant to West Virginia Code § 62-1C-2(c) (1992), the home [incarceration] restriction is not considered the same as actual incarceration in a jail, nor is it considered the same as home [incarceration] under the Home [Incarceration] Act, West Virginia Code §§ 62-11B-1 to -12 (1993). Therefore, the time spent in home [incarceration] when it is a condition of bail under West Virginia Code § 62-1C-2(c) does not count as credit toward a sentence subsequently imposed.

Syl. Pt. 4, *State v. Hughes*, 197 W.Va. 518, 476 S.E.2d 189 (1996). As noted above, petitioner was placed on home incarceration as a condition of his bond pending a re-trial, thus was not yet convicted. For this reason, the Court finds the trial court did not err in denying petitioner credit for time served while on home incarceration.

For the foregoing reasons, the circuit court's order denying the motion for correction of sentence is hereby affirmed.

Affirmed.


**ISSUED**:  March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II