# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0276** (Fayette County 13-F-281)

**Paul D. Wale, Defendant Below,**
**Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Paul D. Wale, by counsel James A. Adkins, appeals the Circuit Court of Fayette County's February 10, 2014, order denying his motion for correction of sentence. The State, by counsel Laura J. Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion for correction of sentence and his request for pre-sentence detention credit.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2009 and 2010 respectively, petitioner was convicted of attempted first-degree murder (09-F-719) and for an offense by an inmate (10-F-1095). In September of 2010, petitioner punched a corrections officer in the face while incarcerated and awaiting trial on the attempted first-degree murder charge, which led to the offense by an inmate charge. Pursuant to West Virginia Code § 61-11-8 and § 62-8-1[1], petitioner was sentenced to not less than three nor more than fifteen years for his attempted murder and not less than one nor more than five years on the

---

[1] A person imprisoned or otherwise in the custody of the Commissioner of Corrections or the Executive Director of the Regional Jail and Correctional Facility Authority is guilty of a felony if he or she kills, wounds or inflicts other bodily injury upon any person at any correctional facility; or breaks, cuts or injures, or sets fire to any building, fixture or fastening of any correctional facility, or jail or any part thereof, for the purpose of escaping or aiding any other inmate to escape therefrom, or renders any correctional facility or jail less secure as a place of confinement; or makes, procures, secretes or has in his or her possession, any instrument, tool or other thing for such purpose, or with intent to kill, wound or inflict bodily injury; or resists the lawful authority of an officer or guard of any correctional facility or jail for such purpose or with such intent. Any three or more inmates so confined, or in such custody, who conspire together to commit any offense mentioned in this section are each guilty of a felony.

1

offense by an inmate that occurred while he was awaiting trial and disposition for the attempted murder.

In February of 2013, while incarcerated for the offenses described above, petitioner used a homemade weapon to attack and repeatedly stab another inmate while incarcerated at Mt. Olive Correctional Facility in Fayette County, West Virginia. Five months later, in July of 2013, petitioner became eligible for parole on his prior convictions. In September of 2013, petitioner was indicted for malicious assault under West Virginia § 61-2-16a(a)[2] in relation to the February attack on a fellow inmate. Petitioner was arraigned for malicious assault and no bail was set.

In November of 2013, petitioner pled guilty to the lesser included offense of unlawful assault under West Virginia § 61-2-16a(b)[3]. Thereafter, petitioner was sentenced to an indeterminate term of one to five years for his conviction for unlawful assault, to be effective the date of sentencing and served consecutively with the sentences for the prior convictions.

In January of 2014, petitioner filed a Rule 35 motion for correction of sentence and argued that he should have received time-served credit because West Virginia Code § 62-8-2(d)[4] prevents the discharge of inmates during the pendency of a prosecution under Chapter 62, Article 8, even when an inmate might otherwise be eligible for parole. The circuit court rejected petitioner's arguments and entered an order denying petitioner's motion for correction of sentence on February 10, 2014. It is from this order that petitioner appeals.

---

[2](a) Any person who maliciously shoots, stabs, cuts or wounds or by any means causes bodily injury with intent to maim, disfigure, disable or kill any driver, conductor, motorman, captain or other person in charge of any vehicle or boat, driven by steam, electricity, gasoline or other motive power and used for public conveyance acting in his or her official capacity and the person committing the malicious assault knows or has reason to know that the victim is a driver, conductor, motorman, captain or other person in charge of any vehicle or boat used as a public conveyance, acting in his or her official capacity, is guilty of a felony and, upon conviction thereof, shall be confined in a correctional facility for not less than three nor more than fifteen years.

[3](b) Any person who unlawfully but not maliciously shoots, stabs, cuts or wounds or by any means causes any driver, conductor, motorman, captain or other person in charge of any vehicle, aircraft or boat, driven by steam, electricity, gasoline or other motive power and used for public conveyance acting in his or her official capacity, bodily injury with intent to maim, disfigure, disable or kill him or her and the person committing the unlawful assault knows or has reason to know that the victim is a driver, conductor, motorman, captain or other person in charge of any vehicle or boat used as a public conveyance, acting in his or her official capacity, is guilty of a felony and, upon conviction thereof, shall be confined in a correctional facility for not less than two nor more than five years.

[4]An inmate prosecuted for an offense under this article may not be discharged from a state correctional facility while the prosecution is pending.

We have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

Upon our review, the Court finds no error in regard to the circuit court denying petitioner's motion for correction of sentence. The record shows that the circuit court did not abuse its discretion in denying petitioner's motion for correction of sentence because petitioner sought to have credit for time served on unrelated charges applied to his current sentence.

On appeal, petitioner argues that because he became parole eligible on his prior charges during his prosecution for malicious wounding, he was held on that offense and is accordingly entitled to time-served credit for that offense. We do not agree. This Court has previously held that criminal defendants are not entitled to credit for time served in similar situations. *See State v. Wears*, 222 W.Va. 439, 665 S.E.2d 273 (2008) (denying a defendant's request for credit for time served between the State's voluntary dismissal of an indictment and the defendant's reindictment because he remained in custody serving time on unrelated charges). Simply put, petitioner is not entitled to have time-served credit applied to his current sentence for time spent in custody on unrelated charges. Petitioner was incarcerated during his malicious assault prosecution solely for his prior convictions, not on the malicious assault prosecution. Additionally, parole is not a right, and the mere eligibility for parole does not guarantee petitioner's release from prison. *State v. Scott*, 214 W.Va. 1, 7, 585 S.E.2d 1, 7 (2003).

Further, petitioner argues that his malicious assault charge falls under West Virginia Code § 62-8-1, which states that "[a] person imprisoned or otherwise in the custody of the Commissioner of Corrections or the Executive Director of the Regional Jail and Correctional Facility Authority is guilty of a felony if he or she kills, wounds or inflicts other bodily injury upon any person at any correctional facility," and that West Virginia Code § 62-8-2(d) prevented his discharge during the malicious assault prosecution. That Code section states that "[a]n inmate prosecuted for an offense under this article may not be discharged from a state correctional facility while the prosecution is pending." However, petitioner was not prosecuted under § 62-8-1. Rather, the State chose to prosecute petitioner for committing malicious assault under West Virginia § 61-2-9(a), an entirely different substantive offense, and as such, Article 8 in Chapter 62 does not apply.

For the foregoing reasons, the circuit court's February 10, 2014, order denying petitioner's motion for correction of sentence is hereby affirmed.

3

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II