# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-1196** (Pendleton County 97-F-6 & 97-F-9)

**Mark Turner,**
**Defendant Below, Petitioner**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark Turner, *pro se*, appeals the Circuit Court of Pendleton County's September 24, 2014, order denying his "Motion for Alternate Sentence" made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure and his motion for a psychological evaluation.[1] The State of West Virginia, by counsel Jonathan Porter, filed a response in support of the circuit court's order and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion for reconsideration of sentence so that he could obtain an additional psychological evaluation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 1997, a Pendleton County Grand Jury indicted petitioner on twelve counts of first-degree sexual assault and twelve counts of first-degree sexual abuse. Several weeks later, petitioner pled guilty to three counts of first-degree sexual assault and three counts of first-degree sexual abuse. In exchange for his guilty plea, the State dismissed the remaining counts of the Indictment. In September of 1997, the circuit court sentenced petitioner to three prison terms of fifteen to thirty-five years for each count of first-degree sexual assault, pursuant to West Virginia Code § 61-8B-3, and three prison terms of one to five years for each count of first-degree sexual abuse, pursuant to West Virginia Code § 61-8B-7. The circuit court ordered that all sentences run consecutively.

Thereafter, in November petitioner filed a motion for reduction of sentence. In July of 2014, petitioner filed a motion for a psychological evaluation. On September 18, 2014, the

---

[1]Although petitioner's motion was captioned as a "Motion for Alternative Sentence," petitioner argued for "a reduction of sentence" pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Accordingly, we will refer to petitioner's motion in this memorandum decision as a motion for reduction of sentence.

1

circuit court held a hearing on both of petitioner's motions. After considering the parties' arguments, the circuit court denied petitioner's motions. It is from this order that petitioner appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's motions.

On appeal, petitioner argues that the circuit court erred when it denied his motions because his attorney was not prepared to argue the Rule 35(b) motion and that he should have been granted an additional psychological evaluation to show his improvement since he was sentenced. Petitioner asserts that his psychological evaluations and pre-sentence investigation report were inconsistent.[2] Petitioner also argues that the circuit court failed to properly consider the evidence before denying his motions.

Upon our review of the record and the briefs on appeal, we find that the circuit court did not err in denying petitioner's motions. This Court has previously held that:

When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

Syl. Pt. 5, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). To begin, the appendix record reveals that petitioner's counsel was adequately prepared to argue petitioner's motion for reduction of sentence. Petitioner's counsel clarified for the circuit court that petitioner's motion for reduction of sentence, which was filed in November of 1997, had yet to be ruled on by the circuit court. The record also shows that the circuit court considered matters after petitioner's counsel filed the motion for reduction of sentence in 1997, and concluded that the reasons that supported petitioner's sentence had not changed during this time. Specifically, petitioner's counsel presented evidence that petitioner obtained his G.E.D., completed sex offender classes, and had a child of his own since the filing of his motion for reduction of sentence in November of 1997. This is the same evidence that petitioner asserts in his brief to this Court that the circuit

---

[2]Neither the appendix record nor the supplemental appendix contain any of these psychological evaluations or the pre-sentence investigation report.

court should have considered before denying his motions. Accordingly, based on the specific facts of this case, we find that the circuit court did not abuse its discretion.

For the foregoing reasons, the circuit court's September 24, 2014, order denying petitioner's motions is hereby affirmed.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II