# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0688** (Kanawha County 13-F-665)

**Casey M. Givens, Defendant Below,
Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Casey M. Givens, by counsel Tim C. Carrico, appeals the Circuit Court of Kanawha County's June 17, 2015, order denying his motion for reduction of sentence. The State, by counsel Benjamin F. Yancey III, filed a response. On appeal, petitioner alleges that the circuit court erred in denying him a hearing on his motion for reduction of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, petitioner pled guilty to one count of first-degree robbery and one count of malicious wounding of a person over the age of sixty-five. In December of 2013, petitioner was sentenced to the following terms of incarceration: seventy-four years for his conviction of first-degree robbery and two to ten years for his conviction of malicious wounding, said sentences to run consecutively. Following this sentence, petitioner appealed to this Court and alleged that his sentence was based on an impermissible factor. This Court did not agree and issued a memorandum decision affirming petitioner's sentence. *State v. Givens*, No. 14-0085, 2015 WL 148687 (W.Va. Jan. 12, 2015)(memorandum decision). After sentencing, petitioner filed a motion for reduction of his sentence in accordance with Rule 35 of the West Virginia Rules of Criminal Procedure. Without holding a hearing on the motion, the circuit court entered an order denying the same on June 17, 2015. It is from this order that petitioner appeals.

We have previously held as follows:

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of

1

law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, the Court declines to address petitioner's lone assignment of error for failure to comply with the applicable rules governing appellate briefs to this Court.

Specifically, petitioner's argument on appeal constitutes a single sentence that lacks either citation to law in support or citation to the record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and *law presented*, the standard of review applicable, and *citing the authorities relied on . . .* [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Thus, we decline to address petitioner's assignment of error as it was not properly developed on appeal.

For the foregoing reasons, the circuit court's June 17, 2015, order denying petitioner's motion for reduction of sentence is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II