# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0465** (Berkeley County 15-F-49)

**Joshua M.,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joshua M., by counsel Matthew Brummond, appeals the Circuit Court of Berkeley County's April 20, 2016, order sentencing him to a determinate term of incarceration of forty years for his conviction of felony child abuse resulting in death. The State, by counsel Cheryl K. Saville, filed a response. Petitioner filed a reply and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his request to instruct the jury on child neglect resulting in death as a lesser-included offense of child abuse resulting in death.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 2, 2014, petitioner was babysitting his girlfriend's two-year-old child, S.S. At approximately 2 p.m., a neighbor saw petitioner running toward his house holding the child by the torso. According to the neighbor, the child was limp. The neighbor called 911, and petitioner attempted CPR on the child with instructions from a 911 operator. Emergency personnel arrived at approximately 2:16 p.m. and transported the child to the hospital. After transporting the child to another hospital, she died on April 3, 2014. Following the child's death, law enforcement interviewed petitioner, who indicated that the child received her injuries in an accidental fall after jumping on a bed. An autopsy later determined that the child's cause of death was blunt head, neck, and trunk trauma, and the death was ruled a homicide.

In May of 2015, petitioner was indicted on one count of felony child abuse resulting in death; one count of gross child neglect creating substantial risk of serious bodily injury; and one count of presentation of false information regarding a child's injuries. According to respondent, the State initially included the charge of gross child neglect creating substantial risk of serious bodily injury because it believed that petitioner may have delayed seeking medical treatment for the child after she sustained injuries. However, the State eventually dismissed that count for lack of evidence.

1

Petitioner's jury trial commenced in February of 2016. At the close of evidence, petitioner requested that the jury be instructed on child neglect resulting in death as a lesser-included offense of child abuse resulting in death. The circuit court denied petitioner's request for an instruction on child neglect resulting in death. Thereafter, petitioner was found guilty of one count of felony child abuse resulting in death and was acquitted of the remaining charge. In April of 2016, the circuit court sentenced petitioner to a determinate term of forty years of incarceration. It is from the sentencing order that petitioner appeals.

We have held as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). On appeal, petitioner argues that the circuit court erred in denying his request to instruct the jury on child neglect resulting in death as a lesser-included offense of child abuse resulting in death. According to petitioner, one cannot engage in abuse of a child without first neglecting the child by failing to exercise a minimum degree of care to assure the minor child's physical safety or health. As such, petitioner argues that child neglect resulting in death must necessarily be a lesser-included offense of child abuse resulting in death. We do not agree.

This Court has previously stated that "[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). Further, we have held that

> "[a] trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense." Syl. Pt. 11, *State v. Derr,* 192 W.Va. 165, 451 S.E.2d 731 (1994).

Syl. Pt. 3, *State v. Brock*, 235 W.Va. 394, 774 S.E.2d 60 (2015). Here, it is clear that the circuit court did not err in denying petitioner's request for an instruction on child neglect resulting in death as a lesser-included offense of child abuse resulting in death. In discussing lesser-included offenses, we have held as follows:

> "The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is

not a lesser included offense if it requires the inclusion of an element not required in the greater offense." Syllabus Point 1, *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981).

Syl. Pt. 1, *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982). Based on the plain language of West Virginia Code §§ 61-8D-2a(a) and 61-8D-4a(a), it is clear that petitioner was able to commit child abuse resulting in death without first committing child neglect resulting in death because child abuse resulting in death does not require proof of neglect. West Virginia Code § 61-8D-2a(a), defines death of a child by a parent, guardian or custodian or other person by child abuse as follows:

> [i]f any parent, guardian or custodian shall maliciously and intentionally inflict upon a child under his or her care, custody or control substantial physical pain, illness or any impairment of physical condition by other than accidental means, thereby causing the death of such child, then such parent, guardian or custodian shall be guilty of a felony.

Conversely, West Virginia Code § 61-8D-4a(a) defines child neglect resulting in death as follows:

> [i]f any parent, guardian or custodian shall neglect a child under his or her care, custody or control and by such neglect cause the death of said child, then such parent, guardian or custodian shall be guilty of a felony and, upon conviction thereof, shall be fined not less than one thousand dollars nor more than five thousand dollars or committed to the custody of the Division of Corrections for not less than three nor more than fifteen years, or both such fine and imprisonment.

Based on the plain language of the statutes in question, it is clear that child neglect resulting in death requires proof of neglect, an element which is not required for conviction of child abuse resulting in death.

West Virginia Code § 61-8D-1(1) defines "abuse" as "the infliction upon a minor of physical injury by other than accidental means[,]" while West Virginia Code § 61-8D-1(7) defines "neglect" as "the unreasonable failure by a parent, guardian or custodian of a minor child to exercise a minimum degree of care to assure the minor child's physical safety or health." Petitioner's appeal is predicated on the fallacious argument that in order to abuse a child, a parent must first fail to exercise a minimum degree of care to assure that child's physical safety or health. We do not agree. Both terms are separately defined in West Virginia Code § 61-8D-1 and used to establish entirely separate crimes when either neglect or abuse results in the death of a child. Simply put, it was entirely possible for petitioner to abuse the child in question without first neglecting that child. As such, it is clear that petitioner was not entitled to a jury instruction

on child neglect resulting in death as a lesser-included offense of child abuse resulting in death and we find no error below.[1]

For the foregoing reasons, the circuit court's April 20, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[1]On appeal, petitioner provides further argument regarding the alleged factual basis for an instruction on child neglect resulting in injury. However, because the Court finds that such an instruction was not an accurate representation of the law, it is unnecessary to address this argument on appeal.