# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-1184** (Cabell County 16-F-381)

**Rodney C.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Rodney C., by counsel Gina M. Stanley, appeals the Circuit Court of Cabell County's December 7, 2016, order sentencing him to an effective term of incarceration of not less than 40 nor more than 135 years for first-degree sexual assault; incest; and sexual abuse by a parent, guardian, custodian, or person in position of trust.[1] The State, by counsel Robert L. Hogan, filed a response and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in finding that he was acting as the child's custodian and that the State failed to prove beyond a reasonable doubt that he sexually assaulted and abused the child and committed incest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, while babysitting his then three-year-old niece, S.B., petitioner, then twenty-two years old, penetrated the child's sex organ with his finger and his tongue. Following the incident and the child's disclosure to a parent, she was transported to the Cabell Huntington Hospital emergency room where a physical exam and a sexual assault kit were performed. The child was later interviewed by West Virginia State Police Trooper Moore wherein she disclosed that petitioner penetrated her sex organ with his finger and tongue. Petitioner submitted to a recorded police interview with West Virginia State Police Trooper Hash on November 5, 2015. Petitioner admitted in that interview that he took the child to the restroom and penetrated the sex organ one and a half to three inches in an attempt to remove a "mark" near the sex organ. Petitioner also admitted that he licked the child's sex organ one time. Petitioner was indicted on

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

two counts of first-degree sexual assault; two counts of incest; and two counts of sexual abuse by a parent, guardian, custodian, or person in position of trust.

In October of 2016, following a two-day bench trial, petitioner was found guilty on all six counts as charged in the indictment. The circuit court entered an order on December 7, 2016, sentencing petitioner as noted above. Additionally, the circuit court ordered that petitioner serve a period of fifty years of supervised release following his release from incarceration. It is from the sentencing order that petitioner now appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the proceedings below.

Petitioner first argues that the circuit court erred in finding that he was the child's custodian or a person in a position of trust at the time of the incident. In support of his argument, petitioner claims that another person, Sherry A., was the only authorized caregiver for the child on the day of the incident and he was not authorized to provide care, food, or correct the child. We do not agree. For the purpose of the statute "custodian" is defined as "a person over the age of fourteen years who has or shares actual physical possession or care and custody of a child on a full-time or temporary basis, regardless of whether such person has been granted custody of the child by any contract, agreement or legal proceeding." W.Va. Code § 61-8D-1(4) (2014).

In the instant case, while petitioner is correct that the child was placed in Sherry A.'s primary care, it is clear from the record that petitioner resided in the same home as Sherry A. and admitted to taking the child to the restroom on the day of the incident. Moreover, it is undisputed that petitioner was a person over the age of fourteen and had actual physical custody of the child on the day of the incident, at least to the degree that he was able to accompany the child to the restroom. As previously indicated, West Virginia Code § 61-8D-1(4) requires only that a person over the age of fourteen have actual physical possession of the child on a temporary basis. Further, West Virginia Code § 61-8D-1(4) expressly states that the necessary physical possession or care and custody of the child may exist regardless of whether such person has been granted custody of the child, in the context of a legal proceeding. The circuit court was presented with sufficient evidence that the circumstances established that petitioner had control and supervision over the child. As such, we find no error in the circuit court's finding that petitioner was the child's custodian at the time of the incident.

Petitioner next argues that the circuit court erred in finding that petitioner sexually assaulted and abused the child, and committed incest. West Virginia Code § 61-8D-3 provides

2

that a person is guilty of first-degree sexual assault when that person is fourteen years old or older and "engages in sexual intercourse or sexual intrusion with another person" who "is younger than twelve years old and is not married to that person." West Virginia Code § 61-8B-1(7), defines "sexual intercourse" as "any act between persons involving penetration, however slight, of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth or anus of another person." For the purposes of the preceding statutes and West Virginia Code § 61-8D-5(a), concerning sexual abuse by a parent, guardian, custodian, or a person in a position of trust, "sexual intrusion" means "any act between persons involving penetration, however slight, of the female sex organ or of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the sexual desire of either party." W.Va. Code § 61-8B-1(8). Under West Virginia Code § 61-8-12 (b), a person is guilty of incest when "such person engages in sexual intercourse or sexual intrusion with his . . . niece."

It is undisputed that petitioner was more than fourteen years old, that the child was younger than twelve years old, that petitioner and the child were not married, and that the child is petitioner's niece. Further, despite petitioner's arguments to the contrary, his admissions supply the primary evidence used to support the circuit court's findings below. The evidence presented at the bench trial regarding "sexual assault" and "sexual abuse" included petitioner's admission that he penetrated the child's sex organ with his finger by at least one and half up to three inches and that he licked the child's sex organ. The evidence at petitioner's bench trial indicated that the child disclosed to her mother, her great-aunt, a doctor, and a nurse that petitioner touched and licked her sex organ and touched her buttocks. The child also disclosed that her sex organ "hurt" as a result of the incident. Further, in addition to petitioner's admissions that he penetrated and licked the child's sex organ, evidence was presented that he explained to Trooper Hash that he "recognized what he had done, stopped, went to his bedroom, locked himself in, cried, and tried to read the Bible." Viewing this evidence in the light most favorable to the State, it is apparent that the circuit court, as a rational trier of fact, could have determined that the State met its burden of proof that petitioner committed sexual assault and abuse against the child while she was in his care, custody, or control, and committed incest.

For the foregoing reasons, the circuit court's December 7, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker