# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-0014** (Kanawha County 08-F-395 & 08-F-439)

**William M.,**
**Defendant Below, Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner William M. appeals the Circuit Court of Kanawha County's December 12, 2013, order denying his motion for reduction of sentence, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State, by counsel Laura Young, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in (1) ruling on an "incomplete" version of his Rule 35(b) motion and failing to consider an "unabridged" version thereof; (2) finding that a second Rule 35(b) motion had been filed; and (3) failing to review his motions for appointment of counsel and for an evidentiary hearing prior to denying his Rule 35(b) motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2008, petitioner pled guilty to two counts of first-degree sexual abuse, in violation of West Virginia Code § 61-8B-7, and two counts of sexual abuse by a parent, guardian, or custodian, in violation of West Virginia Code § 61-8D-5. In return for his plea of guilty, the State dismissed the remaining counts of the indictment. At his plea hearing, petitioner admitted that he sexually abused his minor stepdaughter ("the victim") on multiple occasions for more than one year. In laying a factual basis for the guilty plea, petitioner recounted the sexual abuse he committed against the victim. Thereafter, the circuit court sentenced petitioner to an indeterminate term of not less than ten nor more than twenty years in the penitentiary on each count of sexual abuse by a parent, guardian, or custodian and to an indeterminate term of not less than five nor more than twenty-five years in the penitentiary on each count of sexual abuse in the

---

[1]Because this case involves a minor victim of sexual crimes who is related to petitioner, we use only petitioner's first name and last initial consistent with our practice in cases involving minors and sensitive facts. *See State ex rel. Dept. of H. S. v. Cheryl M.*, 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

first degree. The circuit court further ordered that all sentences run consecutively to one another with a supervised release period of twenty years upon his release from prison, pursuant to West Virginia Code § 62-12-26.

Petitioner thereafter appealed his conviction to this Court, arguing that his sentence was disproportionate and unconstitutional and that his supervised release period should be reduced to ten years. By memorandum decision, this Court affirmed petitioner's sentence. *See State v. Murphy*, No. 101493 (W.Va. Supreme Court, May 27, 2011)(memorandum decision).

In September of 2011, petitioner filed a Rule 35(b) motion for reduction of sentence in the Circuit Court of Kanawha County. In that motion, he claimed that he was a low-risk to reoffend and that inmates with low risks to reoffend should be released due to prison overcrowding. Petitioner cited many courses he had completed while incarcerated. In his brief to this Court, he claims that he filed a simultaneous motion to hold his Rule 35(b) motion in abeyance, apparently so that he could supplement that motion with additional accomplishments while incarcerated.[2] In its response, the State adds that petitioner requested this abeyance for two years, and the circuit court implicitly granted the same as it did not rule on his Rule 35(b) motion until those two years had passed.

In May of 2013, petitioner filed motions for appointment of counsel and for an evidentiary hearing on the reduction of sentence issue in the Circuit Court of Kanawha County. In December of 2013, the circuit court denied petitioner's Rule 35(b) motion and his motion for appointment of counsel without holding an evidentiary hearing. The circuit court found that "[a]fter reviewing the record, the circumstances, and the arguments set forth in the *pro se* motions for reduction of sentence, the Court finds that the previously ordered sentence is proper." The circuit court also found that "on May 17, 2013, [petitioner] filed a second motion for reduction of sentence." This appeal followed.

We have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner first assigns error to the circuit court's ruling on an "incomplete" Rule 35(b) motion and failure to consider a complete version thereof. While petitioner argues that his Rule 35(b) motion filed in September of 2011 was "incomplete," we find no support in the record on appeal for this argument. On its face, the Rule 35(b) motion filed in September of

---

[2]The parties did not include this motion in the record on appeal.

2011 appears complete, more so than many accepted motions liberally construed. As it appears from the record on appeal, petitioner's motion filed in the Circuit Court of Kanawha County in September of 2011 was a proper motion under Rule 35(b). Petitioner cites no authority, and we find none, that prevented the circuit court from acting on that motion as filed. Moreover, the parties agree that there was no error in the circuit court's delay in ruling on that motion, as it appears that petitioner requested, and was granted, that delay. Despite petitioner's stated understanding that he would receive a court-appointed attorney and an evidentiary hearing on the Rule 35(b) motion, he again points to no legal or factual authority to support his entitlement to same. Further, as the State points out, petitioner failed to file any such additional or supplemental material to "complete" his Rule 35(b) motion to his satisfaction between September of 2011, when the motion was filed, and December of 2013, when the circuit court ruled on it. Therefore, for those reasons, the circuit court did not err in this regard.

Petitioner next contends that the circuit court erred in finding that a second Rule 35(b) motion had been filed on May 17, 2013. Although arguing that such a mistake by the circuit court does not vitiate its ultimate ruling, the State admits petitioner did not file a second Rule 35(b) motion. To the extent the circuit court erred in finding that petitioner filed a second Rule 35(b) motion on May 17, 2013, such error is harmless. The circuit court clearly ruled on the substance of petitioner's claims for a reduction of sentence, and, after reviewing the record and considering the arguments of the parties, the circuit court found that "the previously ordered sentence is proper." We find no error in this regard.

Finally, petitioner assigns error to the circuit court's failure to review his motions for appointment of counsel and for an evidentiary hearing on the reduction of sentence issue. Despite petitioner's argument that the circuit court did not review his motions, the circuit court's denial order contradicts his claims. In its December 12, 2013, order, the circuit court specifically denied his motion for appointment of counsel and denied his Rule 35(b) motion without an evidentiary hearing. Moreover, petitioner correctly notes that the circuit court has discretion as to how to proceed and rule on Rule 35(b) motions. Therefore, the record clearly reflects that, although the circuit court did not rule favorably on petitioner's motions, it did consider them. Based on the record on appeal, we find no error in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3