# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-1163** (Boone County 09-F-17)

**Timothy Lee Johns, Defendant Below,
Petitioner**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

*Pro se* petitioner Timothy Lee Johns appeals the Circuit Court of Boone County's October 6, 2014, order denying his motion for reconsideration of sentence. The State, by counsel Shannon Frederick Kiser, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in failing to meaningfully review his motion for reconsideration of sentence and provide him with a copy of the order denying the motion so he could timely appeal the same. He also asserts that the circuit court judge should have voluntarily recused himself from the matter.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2009, petitioner was indicted on one count of first-degree robbery and one count of malicious assault. In September of 2009, petitioner pled guilty to one count of first-degree robbery, and the circuit court then sentenced him to a term of incarceration of forty years. Thereafter, petitioner filed a series of motions for reconsideration of his sentence beginning in February of 2011. In total, petitioner filed four such motions. At the time the first three motions were filed, petitioner was represented by counsel. According to the record, the circuit court held at least one hearing on petitioner's motions in June of 2013. All the motions were ultimately denied, however. Petitioner's final motion was filed on September 29, 2014, and the circuit court denied the same by order entered on October 6, 2014. It is from the order denying the motion for reconsideration of sentence that petitioner appeals.

We have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard;

1

the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the circuit court denying petitioner's most recent motion for reconsideration of sentence.

Petitioner's arguments on appeal are simply without merit. To begin, we decline to address petitioner's assignment of error regarding an alleged due process violation in the circuit court's failure to provide him with a copy of the order denying his motion for reconsideration of sentence. Petitioner argues that he has been denied his due process right to appeal this order, but this argument was rendered moot when this Court granted petitioner's motion to file the appeal out of time by order entered on November 19, 2014.

As to petitioner's remaining assignments of error, the Court similarly finds no merit to these arguments. Petitioner alleges that the circuit court failed to meaningfully review his motion and that the circuit court judge should have voluntarily recused himself because of his relationship with the county sheriff and the victim of petitioner's crime. However, petitioner's arguments on these issues are premised upon the circuit court's denial of his motion and nothing more. Essentially, petitioner argues that the circuit court's denial of his motion evidences a failure to meaningfully review the same, and, similarly, that the circuit court's denial of his motion evidences a bias against petitioner because this is "the only plausible explanation for the actions of the [j]udge in this matter . . . ." The Court, however, does not agree. That the circuit court did not rule in petitioner's favor is not, itself, evidence of any bias or failure to fully review petitioner's motion. To the contrary, the circuit court held hearings and issued rulings on four separate motions for reconsideration of sentence below. While petitioner argues that the circuit court failed to include detailed findings of fact and conclusions of law such that appellate review is possible, the court finds these orders sufficient for purposes of this appeal. For these reasons, we find no error in the circuit court's denial of petitioner's September of 2014 motion for reconsideration of sentence.

For the foregoing reasons, the circuit court's October 6, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II