# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0798** (Morgan County 15-F-6)

**Joseph L. Cirigliano,**
**Defendant Below, Petitioner**

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph L. Cirigliano, by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Morgan County's July 21, 2015, order denying his "motion for reconsideration of sentence" under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State, by counsel Zachary Aaron Viglianco, filed a response. On appeal, petitioner argues that the circuit court made erroneous factual findings and abused its discretion when it denied his Rule 35(b) motion for reduction of his sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, petitioner broke into the home of his elderly aunt. He brandished a butcher knife and threatened his aunt and the elderly woman with whom she lived with bodily harm if they did not give him money and their vehicles. In January of 2015, petitioner was indicted on nine counts, including two counts of first-degree robbery and one count each of burglary, grand larceny, brandishing, destruction of property, possession with the intent to deliver-Heroin, fleeing on foot, and the simple possession of marijuana.

In March of 2015, petitioner pled guilty to two counts of first-degree robbery pursuant to a plea agreement. Under the terms of the plea agreement, respondent agreed to dismiss petitioner's remaining charges and recommend a sentence of forty years of incarceration to run

---

[1]While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will properly refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence or a Rule 35(b) motion.

consecutively with his sentence on a previous unrelated criminal conviction. Following his guilty plea, the circuit court sentenced petitioner to a total of sixty years of incarceration on two counts of first-degree robbery to be served consecutively with his sentence on the previous unrelated criminal conviction.

In June of 2015, petitioner filed a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Petitioner wrote a letter in support of his motion, wherein he explained that he committed the robberies in furtherance of his drug addiction and that he was "committed to turning his life around." He requested that the circuit court "take a few years off of [his] [sixty] year sentence" or modify the sentence to run concurrently to his previous sentence. Petitioner stated that his family "needed him" and that he was "trying to better himself and work through his issues." The circuit court determined that, based on petitioner's previous behavior, there was a risk that he would commit another crime during a period of probation or conditional release, that a reduction of sentence would "depreciate the seriousness" of his crime, and his sentence was appropriate considering the facts and circumstances before it. The circuit court denied petitioner's motion by order dated July 21, 2015. It is from this order that petitioner now appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no abuse of discretion in the circuit court's order denying petitioner's motion.

In the matter before us, petitioner does not challenge the correctness of his sentence but rather asserts that the circuit court made erroneous factual findings and abused its discretion because it could have sentenced him to the forty year sentence respondent recommended, thus ensuring him earlier parole eligibility. We disagree. According to the record, the circuit court correctly considered petitioner's circumstances and determined that he was previously placed on a period of probation and reoffended. The circuit court soundly concluded that there was a risk that he would commit another crime during a period of probation or conditional release and that a reduction of sentence would undermine the plea agreement and seriousness of his crime. Given the facts of the case, we find that the circuit court did not abuse its discretion in denying petitioner's motion for a reduction of sentence.

The following standard of review was articulated in Syllabus Point 1 of *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996):

In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

This Court also has held that when sentencing determinations are at issue, we "review[] sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997). With these standards in mind, we proceed to consider petitioner's assignments of error.

Petitioner argues that the circuit court abused its discretion when denying the motion for reduction of his sentence because he committed the robberies in furtherance of his drug addiction and was "committed to turning his life around." Petitioner effectively argues that his sentence is excessive based upon his contention that he was committed to self-improvement and that commitment warranted a reduction in his sentence. Though petitioner's commitment to self-improvement is commendable, those efforts are only a small part of the picture before the circuit court. It is clear from the record that petitioner broke into the home of his elderly aunt, brandished a butcher knife, and threatened his aunt and the elderly woman with whom she lived with bodily harm. Moreover, there is no evidence that the circuit court abused its discretion in denying petitioner's motion for reduction of sentence on the evidence presented to it.

For the foregoing reasons, the circuit court's July 21, 2015, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II