# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  **No. 16-0892** (Marion County 15-F-174)

**Amanda Kay Ott,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Amanda Kay Ott, by counsel David M. Grunau, appeals the decision of the Circuit Court of Marion County that denied her motion to suppress evidence. Respondent State of West Virginia, by counsel Gordon L. Mowen, II, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the Marion County Sheriff's Department responded to a call that a firearm was discharged in a trailer park. Corporal Russell Garrett ("Cpl. Garrett") responded, and was told by one of petitioner's neighbors that the disturbance came from around petitioner's trailer and was from fireworks. Cpl. Garrett then knocked on petitioner's door to investigate the firework complaint and immediately smelled the odor of marijuana. William Sanders ("Mr. Sanders") opened the door. Once the door was open, Cpl. Garrett testified that the smell became stronger. Cpl. Garrett also heard the voice of Lawrence Vincent ("Mr. Vincent"), who he referred to as "a frequent offender and suspected marijuana dealer." Mr. Vincent was not visible from the doorway, but Cpl. Garrett was familiar with his voice due to multiple contacts with Mr. Vincent. Cpl. Garrett testified that, "at that point I essentially asked him how much marijuana he had in the residence. And in order to prevent him from destroying evidence, I walked into the doorway to get eyes on him, just to observe him."

Mr. Vincent told Cpl. Garrett that he smoked marijuana earlier, and pointed to marijuana that was in plain sight in the kitchen. The marijuana was in a glass mason jar and there were multiple plastic bags containing marijuana outside of the jar. Upon this observation, Cpl. Garrett detained the individuals in the home, including petitioner, and sought a search warrant for the trailer. After the warrant was obtained, the police searched the residence and found two, two gram bags of marijuana, a mason jar with two bags of marijuana, prescription pills belonging to petitioner, and a digital scale. The deputies seized approximately $2,340.00 from Mr. Vincent.

1

After her arrest, petitioner admitted in an interview to law enforcement that she was selling the pills which contained buprenorphine.

Thereafter petitioner was indicted for possession with intent to deliver buprenorphine. In February of 2016, petitioner filed a motion to suppress the evidence seized during the search of the trailer, asserting that Cpl. Garrett had illegally entered the trailer, and that there was no probable cause for the search because the warrant was based upon evidence obtained from officers after officers "barg[ed] into petitioner's residence without a warrant." The circuit court held an evidentiary hearing on petitioner's motion on April 4, 2016. On May 9, 2016, the circuit court entered an order denying petitioner's motion to suppress.

Following the circuit court's order, on August 8, 2016, petitioner entered into a conditional guilty plea to the offense of possession of buprenorphine with intent to deliver. Petitioner was sentenced on the same day, and received a sentence of one to five years in the state penitentiary. This sentence was suspended and petitioner was placed on supervised probation. As a condition of the plea, petitioner was also permitted to appeal the circuit court's denial of her motion to suppress to this Court. Petitioner now appeals her conviction for the offense of possession of buprenorphine with intent to deliver, and the circuit court's denial of her motion to suppress.

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010). Moreover, we have held as follows:

> "[w]hen reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W. Va. 530, 722 S.E.2d 566 (2011). Further,

> "[i]n contrast to a review of the circuit court's factual findings, the ultimate determination as to whether a search or seizure was reasonable under the Fourth Amendment to the United States Constitution and Section 6 of Article III of the West Virginia Constitution is a question of law that is reviewed *de novo*. . . . Thus, a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous

2

interpretation of the law, or, based on the entire record, it is clear that a mistake has been made." Syllabus point 2, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 2, in part, *State v. Bookheimer*, 221 W. Va. 720, 656 S.E.2d 471 (2007). Upon our review, we find no error in the circuit court's ruling below.

Petitioner's sole assignment of error on appeal is that the circuit court erred by denying her motion to suppress. Petitioner argues that police are not permitted to "barge into a home without consent or a warrant and demand evidence because they think they smell marijuana." Petitioner asserts that, according to article 3, section 6 of the West Virginia Constitution, citizens are protected from unreasonable searches and seizures in their houses, and "[a]bsent exigent circumstances, that threshold may not be reasonably crossed without a warrant." *State v. Craft*, 165 W. Va. 741, 755, 272 S.E.2d 46, 55 (1980). Petitioner claims that exigent circumstances did not exist in her case, and that the officer's search exceeded the scope of a "protective sweep," of the premises.

The circuit court found that Cpl. Garrett and the Marion Sheriff's Department acted reasonably under the circumstances. The circuit court found further that Cpl. Garrett had probable cause to believe that a crime was being committed, and evidence of that crime was inside the residence. Further, the circuit court found that the smell of burnt marijuana present, which became more noticeable once the door to the residence opened, was sufficient probable cause to justify the issuance of a search warrant. We agree with the circuit court and therefore find no error.

We have held,

> "[s]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment and Article III, Section 6 of the West Virginia Constitution—subject only to a few specifically established and well-delineated exceptions. The exceptions are jealously and carefully drawn, and there must be a showing by those who seek exemption that the exigencies of the situation made that course imperative."

Syl. Pt. 3, in part, *State v. Kimble*, 233 W. Va. 428, 759 S.E.2d 171 (2014) (internal citations omitted). However, "[t]he circumstances that justify warrantless searches include those in which officers reasonably fear for their safety, where firearms are present, or where there is risk of a criminal suspect's escaping or fear of destruction of evidence." *Id*. at 433, 759 S.E.2d at 176. Further, regarding the issue of the reasonableness of police entry into a residence to hold and secure evidence, the United States Supreme Court has held, "that securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents." *Segura v. United States*, 468 U.S. 796, 810 (1984).

It is clear from the record on appeal that Cpl. Garrett had probable cause that a crime was being committed in his presence prior to entering petitioner's home. Cpl. Garrett testified that he smelled the distinct odor of burnt marijuana while he was standing on petitioner's porch, and that

the smell grew stronger when the door opened. Based upon this observation, Cpl. Garrett not only had probable cause that the occupants of the trailer were in possession of a quantity of marijuana, his concern regarding the possible destruction of evidence was reasonable. Importantly,

> "[t]he existence of a reasonable belief should be analyzed from the perspective of the police officers at the scene; an inquiring court should not ask what the *police* could have done but whether they had, at the time, a reasonable belief that there was a need to act without a warrant."

Syl. Pt. 7, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996). Cpl. Garrett testified that he was aware that there were multiple individuals in the trailer, and that he could hear, but not see, Mr. Vincent. Cpl. Garrett then asked Mr. Vincent how much marijuana was in the house, and stepped through the doorway. Cpl. Garrett entered the home for the purpose of preventing the destruction of evidence.[1]

Accordingly, for the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 10, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[1] Assuming arguendo that Cpl. Garrett's entry of the premises was in error, any error was harmless, as Cpl. Garrett developed probable cause prior to entering the home. Cpl. Garrett detected the odor of burnt marijuana while on the porch, and the smell intensified once the door opened. "Under the inevitable discovery rule, unlawfully obtained evidence is not subject to the exclusionary rule if it is shown that the evidence would have been discovered pursuant to a properly executed search warrant." Syl. Pt. 3, *State v. Flippo*, 212 W. Va. 560, 575 S.E.2d 170, (2002).

4