# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0556** (Marion County 13-F-209)

**Brian Scott Wood,**
**Defendant Below, Petitioner**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Scott Wood, by counsel Justin Gregory, appeals the Circuit Court of Marion County's May 18, 2016, order accepting his conditional *Kennedy* plea to one count of second-offense driving under the influence of alcohol, controlled substances, or drugs.[1] The State, by counsel Gordon L. Mowen, II, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion to suppress[2] evidence obtained during a traffic stop because there was no reasonable articulable suspicion to initiate the same and that the evidence obtained during the stop should have been suppressed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal arises from petitioner's entry of a conditional plea of guilty to a single count of second-offense DUI in which he reserved the right to appeal the circuit court's order denying his motion to suppress. In June of 2013, Deputy Gearde of the Marion County Sheriff's Department received a call from his brother that individuals in a maroon GMC Envoy were throwing beer bottles from the vehicle. According to Deputy Gearde, his brother provided him with ample information about the vehicle, including the license plate number. Moreover, Deputy

---

[1] *See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) (permitting the entry of a guilty plea without admitting participation in the crime if a defendant "intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

[2] Petitioner reserved the right to appeal the circuit court's denial of his motion to suppress as part of his plea.

Gearde indicated that his brother provided the vehicle's location and continued to follow the vehicle in order to provide Deputy Gearde real-time information about its location. Deputy Gearde then proceeded to call for assistance and Deputy Garrett, also with the Marion County Sheriff's Department, arrived in the area to help locate the vehicle. According to Deputy Garrett, he learned of the circumstances surrounding the vehicle in question through Deputy Gearde. At this point, Deputy Gearde observed the vehicle in question and asked Deputy Garrett over the radio to initiate a traffic stop. After Deputy Garrett initiated the stop, Deputy Gearde arrived and made contact with petitioner to indicate why he stopped the vehicle. Ultimately, after detecting a strong odor of alcohol on petitioner and observing multiple beer bottles in the vehicle, Deputy Gearde asked petitioner to submit to a breathalyzer, which petitioner refused. Petitioner initially agreed to submit to a field sobriety test but then declined before the test could be initiated. As such, petitioner was arrested.

Thereafter, petitioner was indicted by a grand jury on one count of third-offense driving under the influence and one count of first-offense driving while license revoked for driving under the influence. Following his indictment, petitioner filed a motion to suppress the evidence obtained as a result of the traffic stop on the basis that the officers lacked a reasonable articulable suspicion to stop the vehicle. In December of 2013, the circuit court held a hearing on petitioner's motion to suppress, after which it denied the motion. The circuit court deferred sentencing petitioner so that he could perfect this appeal. It is from the circuit court's order accepting petitioner's plea that he appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Moreover, we have held as follows:

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Further,

> "[i]n contrast to a review of the circuit court's factual findings, the ultimate determination as to whether a search or seizure was reasonable under the Fourth

Amendment to the United States Constitution and Section 6 of Article III of the West Virginia Constitution is a question of law that is reviewed *de novo* . . . . Thus, a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake has been made." Syllabus point 2, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 2, in part, *State v. Bookheimer*, 221 W.Va. 720, 656 S.E.2d 471 (2007). Upon our review, we find no error in the circuit court's ruling below.

We find no merit to petitioner's argument that law enforcement officers lacked a reasonable articulable suspicion for the initial traffic stop. Pursuant to our prior holdings, "[p]olice officers may stop a vehicle to investigate if they have an articulable reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime." Syl. Pt. 1, in part, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994). On appeal, petitioner's entire argument is predicated on his assertion that the officers initiated the traffic stop after receiving an anonymous tip about his vehicle. This argument, however, entirely ignores the evidence below. Specifically, during the suppression hearing, Deputy Gearde testified that the complaint regarding petitioner's vehicle was not anonymous and was, in fact, relayed to him by his brother, who provided Deputy Gearde with the vehicle's license plate number and real-time information regarding its location.

In order to support his position, petitioner relies solely on Deputy Garrett's testimony of the events, while ignoring Deputy Gearde's testimony. It is true that, when asked if he "received contact from Deputy Gearde indicating an anonymous caller had reported a maroon GMC Envoy throwing beer bottles out of the window," that Deputy Garrett responded affirmatively. This answer, however, does not change the fact that the caller in question was not anonymous. In fact, Deputy Garrett was in no position to testify as to the nature of the call received, given that Deputy Gearde was the officer who spoke with the individual. Per Deputy Gearde's testimony at the suppression hearing, it is clear that the caller in question identified himself as Deputy Gearde's brother. As such, we find that petitioner's argument regarding the anonymous nature of the call in question is entirely without merit.

Further, petitioner relies on our prior holdings in *Stuart* and *Muscattell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996) to argue that this Court has placed additional burdens on officers who receive anonymous calls and make related traffic stops. However, as outlined above, the call in this case was not anonymous. In *Dale v. Ciccone*, 233 W.Va. 652, 760 S.E.2d 466 (2014), we held that

[t]he specific holdings of *Stuart* and *Muscatell* provide the appropriate standard for the assessment of information supplied by an *anonymous* caller. The caller in the present case, however, was *not anonymous*. [The caller] provided her name to [the officer] when she telephoned the police department . . . . Thus, the standards relating to an *anonymous* caller are not controlling in this case.

*Id.* at 660, 760 S.E.2d at 474. Similarly, we find that, because the caller in question was not anonymous, the holdings of *Stuart and Muscatell* are not controlling, as petitioner argues.

Having decided the threshold issue of the nature of the tip in question, we now turn to petitioner's argument that the officers in question lacked a reasonable articulable suspicion to initiate a traffic stop. We have previously held that "'[w]hen evaluating whether or not particular facts establish reasonable suspicion, one must examine the totality of the circumstances, which includes both the quantity and quality of the information known by the police.' Syl. Pt. 2, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994)." *Muscatell*, 196 W.Va. at 590, 474 S.E.2d at 520, Syl. Pt. 4. In this matter, we find that both the quantity and quality of the information known by the police was sufficient to support the traffic stop. As outlined above, after witnessing individuals throwing beer bottles from the vehicle, the caller in question provided Deputy Gearde with the vehicle's color, make, model, license plate number, and present location. Pursuant to West Virginia Code § 17C-14-14(a),

> [i]t is unlawful for any driver or passenger of a motor vehicle or other conveyance to place, deposit, dump, throw or cause to be placed, deposited, dumped or thrown, any litter from a motor vehicle or other conveyance in or upon any public or private highway, road, street or alley; any private property; any public property; or the waters of the state or within one hundred feet of the waters of this state, except in a proper litter or other solid waste receptacle.

Accordingly, based on the caller's information, the officers had information regarding a crime having been committed by someone in petitioner's vehicle. Moreover, the caller continued to follow the vehicle in order to provide Deputy Gearde with its present location, thereby alleviating any concern about the police later initiating a traffic stop of the wrong vehicle. Ultimately, Deputy Gearde "observe[d] the vehicle that matche[d] the description" and then advised Deputy Garrett that he just passed the vehicle in question before instructing Deputy Garrett to initiate the stop. On appeal, petitioner makes much of the fact that Deputy Garrett, not Deputy Gearde, initiated the traffic stop. However, we do not find petitioner's argument in this regard persuasive. The record is clear that Deputy Gearde received sufficient information to form a reasonable, articulable suspicion that someone in petitioner's vehicle recently broke the law, and he relied on this suspicion in directing Deputy Garrett to initiate the traffic stop while he turned around to reach the scene.

We find that this ruling is in keeping with precedent from the United States Supreme Court of Appeals. Specifically, in *Dale*, we held as follows:

> This Court's holding on this issue is consistent with the United States Supreme Court's recent decision in *Navarette v. California*, -- U.S. --, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014). In addressing the nature of evidence necessary to create an articulable reasonable suspicion, the Court held that an informant's tip, even in the absence of police corroboration, may be sufficient if it is detailed enough to warrant the officer's articulable reasonable suspicion of unlawful activity. *Id.* at 1688. In explaining the rationale for that ruling, the United States Supreme Court reiterated established principles regarding investigatory stops: "The Fourth

Amendment permits brief investigatory stops . . . when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Id*. at 1687 (internal citation omitted). The Court further explained: "The 'reasonable suspicion' necessary to justify such a stop 'is dependent upon both the content of information possessed by police and its degree of reliability.' The standard takes into account 'the totality of the circumstances—the whole picture.'" *Id*. (internal citations omitted).

*Dale*, 233 W.Va. at 660, 760 S.E.2d at 474. In the present matter, it is clear that additional corroboration by law enforcement was unnecessary, given that the caller identified himself, attested to witnessing unlawful conduct, and provided law enforcement with specific details about the vehicle and its location. This information provided the officers in question with enough details to warrant their reasonable articulable suspicion regarding petitioner's vehicle. For these reasons, we find no error in the circuit court's denial of petitioner's motion to suppress.

Finally, we hold that petitioner's second assignment of error is equally without merit. Petitioner argues that because the officers lacked a reasonable articulable suspicion to initiate the traffic stop, that all subsequently obtained evidence should have been suppressed as the fruit of the poisonous tree. Because we find that the officers did have a reasonable articulable suspicion to initiate the stop, petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's May 18, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis