**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0244** (Cabell County 14-F-47)

**Russell A. Black,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Russell A. Black, by counsel Timothy P. Rosinsky, appeals the February 19, 2020, order of the Circuit Court of Cabell County denying his motion for correction or reduction of sentence under Rule 35 of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his Rule 35 motion and in applying the wrong standard to find that he violated the terms and conditions of his supervised release.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying facts regarding petitioner's crimes are not readily apparent from either the parties' briefs or the appendix record on appeal. What is clear is that, in March of 2014, petitioner was indicted on four counts of third-degree sexual assault. In November of 2015, petitioner entered a plea agreement whereby he agreed to plead guilty to one count of third-degree sexual assault in exchange for the State's agreement to dismiss the remaining charges. The circuit court sentenced petitioner to one to five years of incarceration and imposed thirty years of supervised release pursuant to West Virginia Code § 62-12-26 (2015). Due to time already served, petitioner was released from incarceration later in November of 2015 and began his supervised release.

The State filed a petition to revoke petitioner's supervised release in August of 2016 based upon his eleven violations of the terms of that release. Petitioner admitted to the violations, and the circuit court imposed five years of incarceration. Petitioner discharged that sentence in January of

1

2019 and was released. The State then filed a second petition to revoke petitioner's supervised release in May of 2019, alleging that petitioner engaged in multiple violations, including failing to remain in contact with his supervised release officer, failing to report purchasing a tablet and a cell phone, and having pornographic images on his unreported devices.

In June of 2019, the circuit court held a hearing on the State's motion to revoke petitioner's supervised release and heard testimony from petitioner and his supervised release officer. Petitioner admitted that he missed an appointment with his supervised release officer but blamed his absence on his hospitalization due to a broken neck. Petitioner further admitted to purchasing both a cell phone and a tablet without immediately reporting them to his supervised release officer. Lastly, petitioner admitted that there were pornographic images on his cell phone. However, petitioner testified as to mitigating circumstances, which he believed lessened the severity of these violations. Specifically, petitioner testified that, several years prior, he married his wife over the internet. He further testified that he had only met his wife once and had recently become aware that she was in the pornography business. Petitioner stated that he and his wife shared a Google account, which provided his wife access to his phone. Petitioner claimed that his wife put pictures of herself on petitioner's phone, opened social media accounts in his name, and perused adult dating and pornography websites, which appeared on petitioner's phone via the shared Google account. Petitioner testified that he did not report the devices to his supervised release officer because he knew he would be in violation of the terms and conditions of his supervised release and was unable to delete the material from his phone. Petitioner further admitted that he initially refused to give his cell phone password to the supervised release officer when she located him in order to hide these violations.

Ultimately, the circuit court found as follows:

Mr. Black, the problem that you have is that you're addicted to pornography, it's just that simple. And you have been suckered by this supposed wife. I doubt you are actually married to her. . . . This clearly is pornographic material that you are not allowed to have. And even if you think that this is your wife, this is a number of different women in different extremely graphic sexual poses [and] activity. That is all a violation of your supervision. You are a registered sex offender. We did this a few years ago when I sent you back to prison for five years because you hadn't stopped. And I don't know how else to stop you but to send you back to prison again, and maybe you will get the message, maybe you won't. I doubt it because I truly think you are a sex addict, as I said. You continue to use computers and phones and everything else in order to feed your habit. So at this time I am going to revoke your supervision. I'm going to sentence you to 10 years and send you back.

The circuit court memorialized its findings in a July 9, 2019, order. The circuit court found "by a preponderance of the evidence" that petitioner violated the terms of his supervised release by failing to appear for monthly check-in appointments, failing to declare his purchase of a new cell phone and tablet, possessing pornographic material on his cell phone and tablet, temporarily withholding the password for said devices from his supervised release officer, failing to declare the existence of social media accounts in his name, and failing to attend his sex offender treatment. Accordingly, the circuit court sentenced petitioner to ten years of incarceration for these violations.

In September of 2019, petitioner filed a "motion to reconsider" pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure. Petitioner argued that the United States Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2639 (2019) (plurality opinion), established that petitioner was entitled to a jury trial on the issue of whether he had violated the terms and conditions of his supervised release. Alternatively, petitioner argued that the circuit court could modify his sentence to no greater than the underlying sentence imposed following his plea to one count of third-degree assault—one to five years of incarceration.

The circuit court held a hearing on petitioner's Rule 35 motion in January of 2020. By order entered on February 19, 2020, the circuit court denied petitioner's motion, finding that *Haymond* was distinguishable from the instant case, that the *Haymond* case was limited in its application, and that the statute governing petitioner's supervised release was not implicated by *Haymond*. This appeal followed.

This Court has previously held as follows:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner first argues that the circuit court erred in denying his Rule 35 motion in light of *Haymond*. Briefly, we note that, in *Haymond*, the United States Supreme Court addressed the revocation of a registered sex offender's supervised release for possession of child pornography, among other violations. The Supreme Court held that 18 U.S.C. § 3583(k), which "mandates a minimum five-year term of imprisonment for certain supervised release violations committed by defendants who are 'required to register under the Sex Offender Registration and Notification Act,'" is unconstitutional. *United States v. Salazar*, 784 F. App'x 579, 581 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1232 (2020) (quoting 18 U.S.C. § 3583(k) and *Haymond*, 139 S. Ct. at 2374); *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring). "Importantly, the *Haymond* Court emphasized that 'its decision was limited to § 3583(k) and its mandatory minimum provision.'" *State v. Raymond B.*, No. 20-0605, 2021 WL 2580715 at *2 (W. Va. Jun. 23, 2021)(memorandum decision) (quoting *Roman-Oliver v. Joyner*, No. 7:19-CV-50-REW, 2019 WL 6696417, at *4 (E.D. Ky. Dec. 9, 2019)).

At the outset, we note that we need not reach a decision on whether *Haymond* applies to petitioner's case, that is, we need not decide whether petitioner is entitled to a jury trial on whether he committed the violation on which he is charged because he admitted to violating the terms and conditions of his supervised release below. Petitioner's argument is based upon on his mistaken belief that his supervised release could not have been revoked unless a jury found, beyond a reasonable doubt, that he violated the terms and conditions thereof. However, a jury trial on this

issue was not necessary given petitioner's admission to several violations, including missing his monthly check-in appointments, failing to report his purchase of both a tablet and a cell phone, temporarily refusing to provide a password to these devices, and possessing pornography on these devices. While petitioner provided testimony as to circumstances he believed mitigated these violations, he nevertheless admitted that they were, in fact, violations. As such, a jury need not have reached a decision on this issue.

However, even assuming that petitioner did not admit to these violations, this Court has previously addressed *Haymond* and rejected its applicability to the revocation of supervised release. In *State v. Edward B.*, No. 19-1026, 2020 WL 7231608, at \*4 (W. Va. Dec. 7, 2020) (memorandum decision), we said:

> The *Haymond* plurality "emphasized" that its decision did not address all supervised release proceedings but, rather, was "limited to § 3583(k)—an unusual provision enacted little more than a decade ago—and the *Alleyne [v. United States*, 570 U.S. 99 (2013)] problem raised by its 5-year mandatory minimum term of imprisonment." *Haymond*, 139 S. Ct. at 2383. West Virginia Code § 62-12-26, the supervised release statute under which petitioner's supervised release was revoked, was not addressed in *Haymond* nor is it similar to § 3583(k). Most notably, West Virginia Code § 62-12-26 does not require imposition of a minimum term of incarceration "triggered by judge-found facts," which the *Haymond* plurality found problematic. 139 S. Ct. at 2383-84. Thus, petitioner has failed to demonstrate any error under *Haymond*, let alone one that is clear or obvious.

Given the foregoing, we find petitioner's reliance on *Haymond* for the proposition that he is entitled to a jury trial on his supervised release revocation to be misplaced. Accordingly, we find that the circuit court did not err in denying petitioner's Rule 35 motion.

Petitioner next argues that the circuit court applied the incorrect standard in revoking his supervised release. Petitioner notes that the circuit court's July 9, 2019, order revoking his supervised release and imposing a ten-year sentence provides that the circuit court's findings were based upon "a clear preponderance of the evidence." However, West Virginia Code § 62-12-26(g)(3) (2015), requires that the circuit court revoke supervised release based on "clear and convincing" evidence, a more stringent standard. As such, petitioner avers that the order must be reversed and remanded on this basis.

As noted above, petitioner admitted to violating the terms and conditions of his supervised release during the proceedings below. Therefore, the clear and convincing standard has been met, and any misstatement by the circuit court as to the appropriate standard is harmless. Moreover, the record demonstrates that sufficient evidence existed to find that petitioner violated the terms and conditions of his supervised release under a clear and convincing standard. Counsel for petitioner specifically stated that petitioner's failure to report the cell phone and pornography contained therein were "technical violation[s], and it is a violation. We're here to stipulate and admit to it." Petitioner did not deny several of the alleged violations but, instead, simply offered his self-serving testimony in his defense, speaking to what he believed to be mitigating circumstances. The State presented the testimony of petitioner's supervised release officer, who also spoke to petitioner's numerous violations. We find this evidence sufficient to satisfy the clear and convincing standard

required under West Virginia Code § 62-12-26(g)(3) (2015), and find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's February 19, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5