**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**v.) No. 23-119** (Morgan County CC-33-2022-F-11)

**Kory S.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Kory S. appeals the February 1, 2023, sentencing order of the Circuit Court of Morgan County.[1] On appeal, the petitioner argues that the circuit court erred when it denied his Rule 35(a) motion to correct his sentence. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In 2022, the petitioner was indicted for two counts of first-degree sexual abuse of J.W. The State dismissed one count, and the petitioner proceeded to trial on the other count. At trial, the State introduced evidence that the petitioner had sexual contact with J.W., who was younger than twelve years of age at the time. J.W. testified and described the petitioner's abuse in detail and stated that she disclosed the abuse to the petitioner's mother, Carol P. The State also presented the testimony of J.W.'s therapist Gale Shade, forensic interviewer Jenna Hyde-White, and West Virginia State Police Corporal Padilla, all of whom corroborated J.W.'s disclosure of abuse.

Regarding the petitioner's age at the time of the abuse, Carol P. testified that J.W. disclosed the sexual abuse on the same day that it occurred, May 17, 2020. Carol P. also testified that the petitioner was born in 2001, and that she evicted him from her home when J.W. disclosed the abuse. Further, Kory S. testified that he was nineteen years old when he was evicted from his mother's home. At the conclusion of the evidence, the circuit court instructed the jury as follows:

Before the Defendant, [Kory S.], can be convicted of Sexual Abuse in the First Degree, the State of West Virginia must overcome the presumption that the

---

[1] Petitioner appears by counsel Gary Collias. Respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Mary Beth Niday. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Additionally, initials are used where necessary to protect the identities of those involved in this case, and we have redacted the petitioner's birth date "to avoid the unnecessary distribution of personal identifiers . . . ." W. Va. R. App. 40(e).

Defendant, [Kory S.] is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that:
1. The Defendant, [Kory S.], DOB [xx/xx]/2001;
2. in Morgan County, West Virginia;
3. on or about a day in 2020;
4. did subject J.W., who was eleven years of age or less;
5. to sexual contact;
6. and the Defendant, [Kory S.], being fourteen years of age or more.

Neither the petitioner nor the State objected to this instruction. The jury convicted the petitioner, and the court sentenced him to five to twenty-five years of imprisonment.

The petitioner filed a motion to correct his sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, arguing that the circuit court improperly increased his sentence from one to five years of imprisonment to five to twenty-five years of imprisonment because the jury did not specifically find that he was eighteen years of age or older when he committed the offense.[2] The court denied this motion, finding that the petitioner "was an adult at the time of the offense and was charged as an adult," and the State "proved each and every element" of first-degree sexual abuse beyond a reasonable doubt. The court continued that, because the jury was properly instructed on the elements of the crime, "there was no reason to ask the jury to make a separate finding that the [petitioner] was over the age of 18 at the time of the offense or that the victim was under the age of twelve." The court noted that the sixth element "should have more correctly stated" that the petitioner was "'eighteen years of age or more,' instead of fourteen," but found this error was harmless because the first element required the jury to find the petitioner's date of birth and it did not affect "the appropriate statutory sentence being imposed by this Court based on the [petitioner's] age." The court ruled that the jury's finding of the petitioner's date of birth was sufficient to establish that he was over eighteen when the crime occurred in 2020, which supported the enhanced penalty. The petitioner appeals from the denial of his Rule 35(a) motion.

The petitioner asserts a single assignment of error, arguing that the court erred in denying his Rule 35(a) motion because the jury did not find that he was eighteen years or older, which is a prerequisite to a sentence of 5-25 years of imprisonment for first-degree sexual abuse. *See* W. Va. Code § 61-8B-7(c). "We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, in part, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

The petitioner claims that the circuit court erred in applying the enhanced penalty for first-degree sexual abuse, because the court instructed the jury that one of the elements of this offense

---

[2] In relevant part, West Virginia Code § 61-8B-7(a)(3) provides that if a defendant "being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old," the defendant is guilty of first-degree sexual abuse and shall be sentenced to one to five years of imprisonment. But if the victim is "younger than twelve years of age," and the defendant is "eighteen years of age or older," the penalty is five to twenty-five years of imprisonment. W. Va. Code § 61-8B-7(c).

is that the petitioner must be fourteen years of age or more. Importantly, the petitioner does not argue that he was under eighteen years old when he abused J.W. Rather, he complains that the court should not have conducted "mathematical calculations" to determine his age before imposing sentence, and argues that "the *Apprendi-Blakely* line of cases" required the jury, not the court, to determine that the petitioner was eighteen years of age or older. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (clarifying that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.").

We have long held that "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syl. Pt. 5, *Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975). In a similar case, we ruled that an omitted age element was harmless beyond a reasonable doubt because it "was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the omission." *State v. Delbert R.*, No. 14-0728, 2015 WL 3875796, at *4 (W. Va. June 22, 2015) (memorandum decision). In that case, we found it significant that the defendant's age was not in dispute, and the State introduced undisputed evidence that established he was over eighteen years old.

Here, the State presented evidence from J.W., Carol P., Ms. Shade, Ms. Hyde-White, and Corporal Padilla that the petitioner had sexual contact with J.W. on May 17, 2020. Like *Delbert R.*, the petitioner did not dispute the State's evidence of his age, and he did not even argue that he was under eighteen years old at the time. In sum, the jury heard undisputed evidence that the petitioner was born in 2001, and substantial evidence that the sexual contact occurred in 2020. Considering these circumstances, we conclude that any error was harmless beyond a reasonable doubt, and the circuit court did not abuse its discretion in denying the Rule 35(a) motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 11, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISQUALIFIED:**

Justice Charles S. Trump IV